OPINION
The defendants-appellants, William and Michael Jamieson ("appellants"), appeal from the jury verdict issued in the Shelby County Court of Common Pleas. The jury awarded the appellants $1,132 for the portion of their land that was permanently appropriated by the Ohio Department of Transportation ("ODOT") and $1,135 for the temporary construction easement required by ODOT. The appellants appeal certain evidentiary rulings made by the trial court. For the following reasons, we affirm the judgment of the trial court.
The pertinent facts and procedural history in this matter are as follows. On December 27, 1999, ODOT filed a petition to permanently appropriate and fix compensation for .015 acre of the appellants' land taken for the purpose of widening State Route 47 in Sidney. Additionally, ODOT appropriated two temporary easements totaling .086 acre. The temporary takings were to last eighteen months and were needed to carry out the construction work associated with the highway project. It was undisputed that ODOT was entitled to these appropriations, however, the parties could not agree on the fair market value of the property taken.
A jury trial was held in this matter on August 16 and 17, 2000. At the conclusion of the trial, the jury returned a verdict awarding the appellants $1,132 for the piece of land permanently taken and $1,135 for the temporary construction easements. It is from this judgment that the appellants now appeal, asserting three assignments of error.
 Assignment of Error Number 1
The trial court erred when it ruled, in an eminent domain action, that defendant-appellants could not use the legal theory, that they could not introduce any supporting evidence at trial, and that the court would not give a jury instruction regarding the cost of cure as an element of damages to the defendant-appellant's property that remained (the residue) after a part of that property was taken by the State of Ohio and the City of Sidney.
In their first assignment of error, the appellants' maintain that the trial court erred by ruling that they could not present a cost of cure analysis to the jury as part of their damage claim. For the following reasons, we disagree.
Both the Ohio and the United States Constitutions provide that private property may not be taken for public purposes without just compensation to its owner. Section 19, Article I Ohio Constitution; Fifth Amendment to the United States Constitution. For such taking to be accomplished, the state must demonstrate a purpose of public necessity and properly compensate the owner for his or her loss. Malone v. Toledo (1878),34 Ohio St. 541. Proper compensation for property partially appropriated by the state includes both the value of the property taken and any consequential damages to that portion of the land which remains in the private owner's hands following the take. Norwood v. Forest ConvertingCo. (1984), 16 Ohio App.3d 411. Damages to the remainder, or residue, are calculated by deducting the fair market value of the property after the taking from the fair market value of the property prior to the taking. Hurst v. Starr (1992), 79 Ohio App.3d 757.
However, where damage is caused to the residue of property remaining after a taking, "if, by the expenditure of money in an amount less than the difference between the before-and-after fair market value of the residue, the property owner could make improvements to such residue to restore the fair market value of the residue to that which it was before the improvement, then, evidence of such `cost of cure' would be admissible and, if proved, would limit the amount of damages to be assessed. Wray v. Stvartak (1997), 121 Ohio App.3d 462 quoting, Columbusv. Farm Bur. Co-op. Assoc., Inc. (1971), 27 Ohio App.2d 197, 203. The cost of cure cannot be utilized to increase damages to the residue, but may be utilized to reduce such damages. Id.
In the matter sub judice, the appellants failed to establish the difference between the fair market value of the property before and after the take. The appellants' own witness, Roger Johnson, testified that there was no way to estimate the damage to the property after the take. The case law clearly provides that before a party can utilize a cost of cure analysis, they must establish the diminution in value of the land after the take. Columbus v. Farm Bur. Co-op. Assoc., Inc.,27 Ohio App.2d at 203. This is calculated by deducting the fair market value of the property after the taking from the fair market value of the property prior to the taking. Hurst v. Starr, 79 Ohio App.3d at 763.
As the appellants failed to make this initial showing, the trial court was correct in excluding evidence concerning the cost of cure. Accordingly, the appellants' first assignment of error is overruled.
 Assignment of Error Number 2
The trial court erred when it ruled, in an eminent domain action, that defendant-appellants could not use evidence of the current publicly advertised asking price for a property in very close proximity to the subject property, both to directly support the landowners' testimony on damages, and as rebuttal evidence during the cross-examination of the State of Ohio's expert witness property appraiser.
In their second assignment of error, the appellants claim that the trial court erred in refusing to allow them to introduce evidence concerning the asking price of a Hardee's Restaurant located across the street from the appellant's property. For the following reasons, we disagree.
The appellants attempted to introduce testimony concerning the asking price as well as a photograph depicting a billboard, which stated the asking price and a newspaper article depicting a similar scene, as evidence to establish the fair market value of their property. The Supreme Court of Ohio has recognized that an arm's length sale of property raises the rebuttable presumption that the sale price reflects the true value of the property, unaccepted offers to purchase do not constitute a sale price and so raise no such presumption. Gupta v.Cuyahoga Cty. Bd. of Revision (1997), 79 Ohio St.3d 397. Analogously, an unaccepted offer to sell at a particular price does not constitute a sale price. Accordingly, the trial court correctly excluded the evidence in question and the appellants' second assignment of error is overruled.
 Assignment of Error Number 3
The trial court erred when it ruled, in an eminent domain action, that defendant-appellants could not use evidence of the very recent sale of a property near the comparable sales used by the State of Ohio's expert witness property appraiser, both to directly support the landowners' testimony on damages, and as rebuttal evidence during the cross-examination of the State of Ohio's expert witness property appraiser.
In their third assignment of error, the appellants contend that the trial court improperly excluded the testimony of their expert concerning the sale price of certain property located directly across from the appellants' property. For the following reasons, we find that the appellants have failed to properly preserve this issue for appeal.
Evidence Rule 103(A) provides:
 (A) Effect of erroneous ruling. Error may not be predicated upon a ruling which admits or excludes evidence unless a substantial right of the party is affected, and
* * *
 (2) Offer of proof. In case the ruling is one excluding evidence, the substance of the evidence was made known to the court by offer or was apparent from the context within which questions were asked. * * *.
In State v. Grubb (1986), 28 Ohio St.3d 199, the Supreme Court of Ohio held that at trial it is incumbent upon a party who has been restricted from presenting evidence, to seek the introduction of the evidence by proffer or otherwise in order to enable the court to make a final determination as to its admissibility and to preserve any objection on the record for purposes of appeal. In the present case, the appellants failed to create a record on appeal of this issue as they failed to proffer to the trial court the substance of the evidence they sought to admit. Sutherland v. Nationwide Gen. Ins. Co. (1994), 96 Ohio App.3d 793. Rather, we are left with the appellants' unfounded assertions in their brief that the evidence concerning the sale prices of the property across the street was important to their case.
The appellants' failure to preserve this issue by proffer constitutes waiver. Accordingly, their third assignment of error is overruled.
Having found no error prejudicial to the appellants herein, in the particulars assigned and argued, we affirm the judgment of the trial court.
 __________________ HADLEY, J.
 WALTERS, P.J., and BRYANT, J., concur.