Turner, J.
 

 The Attorney General challenges the jurisdiction of the Board of Tax Appeals to consider this application for exemption of property for the reason that the taxes, assessments, penalties and interest levied and assessed against the property sought to be exempted have not been paid in full to the date upon which the application for exemption was filed.
 

 The exemption is claimed by appellant under Section 5349, General Code. All exemptions under Section 5349, General Code, and other sections of the General Code, are required to be made in accordance with Section 5570-1, General Code. Section 5570-1, General Code, provides in part as follows:
 

 “* * * The Board of Tax Appeals shall not consider an application for exemption of property under any of the sections enumerated herein unless the application has attached thereto a certificate or affidavit executed by the county treasurer certifying that taxes, assessménts, penalties and interest levied and assessed against the property sought to be exempted have been paid in full to the date upon which the application for exemption is filed.
 

 “Provided, however, that taxes, penalties and interest which have accrued after the property began its use for the exempt purpose but in no case prior to the date of acquisition of the title to said property by applicant, may be remitted by the county auditor, with the consent of the Board of Tax Appeals.”
 

 The treasurer’s certificate attached to appellant’s application for exemption shows that the taxes, assessments, penalties and interest levied and assessed against the property sought to be exempted have not been paid. Under the statute above quoted a certifi
 
 *562
 
 cate of the county treasurer certifying that such taxes, assessments, penalties and interest have been paid in full to the date upon which the application for exemption is filed is a condition precedent to the consideration of the application by the Board of Tax Appeals.
 

 The evidence clearly shows, and no claim to the contrary is made, that the unpaid taxes, assessments, penalties and interest accrued prior to the date of appellant’s acquisition of the property and are such as may not be remitted by the county auditor with consent of the Board of Tax Appeals.
 

 The record shows that the payment of these delinquent taxes was assumed by appellant as a part of the purchase price of the property. The reason given in the record for not paying the delinquent taxes is that appellant claimed that on the 50-acre parcel of land involved in cause No. 29405,
 
 post,
 
 563, taxes had been assessed and collected wrongfully since 1928 and it was appellant’s plan to have the taxes assessed and collected on the 50-acre parcel applied against the delinquent payment on the property in the instant case. In this court appellant claimed that because of the retention by the grantor of a small portion of the property it had been unable to make an accurate separation of the taxes and assessments between the part purchased by appellant and that retained by the grantor.
 

 In appellant’s reply brief in this court the statement is made that these taxes were paid on December 30,1942. The record shows that the case was disposed of by the Board of Tax Appeals on December 4, 1942, and the appeal filed in this court December 24, 1942, both of which dates are prior to the date upon which it is claimed that the taxes and assessments were paid. The record further shows that the application does not have attached to it the necessary certificate of payment required by Section 5570-1,
 
 supra.
 

 Clearly the Board of Tax Appeals was without jurisdiction to consider the application for exemption of
 
 *563
 
 the property here in question and this proceeding before the Board of Tax Appeals should have been dismissed for'want of jurisdiction. Therefore, the decision of the Board of Tax Appeals should be and hereby is reversed and the cause remanded to the Board -of Tax Appeals with direction to dismiss the appeal.
 

 Decision reversed and cause remanded.
 

 Matthias, Hart and Zimmerman, JJ., concur.
 

 Weygandt, C.
 
 3.,
 
 and Bell, J., concur in the judgment.
 

 Williams, J., not participating.