PERK, AUDITOR, APPELLANT, *v.* CITY OF EUCLID, APPELLEE.

[Cite as Perk v. Euclid, 17 Ohio St. 2d 4.]

(No. 68-521—Decided January 22, 1969.)

*Mr. John T. Corrigan,* prosecuting attorney, *Mr. John L. Dowling* and *Mr. Adam P. Angelas,* for appellant.
*Mr. William T. Monroe,* director of law, and *Mr. Robert M. Debevec,* for appellee.

PAUL M. HERBERT, J. (Retired. Assigned to active duty under authority of Section 6(C), Article IV, Constitution.) The city of Euclid bases its application upon the provisions of Section 2 of Amended Senate Bill No. 351 (1967). Section 2 was of temporary effect, having been enacted by the General Assembly on August 14, 1967, and made effective from November 24, 1967, through December 31, 1968, and therefore was not codified. Section 1 of Amended Senate Bill No. 351, which is not involved here, enacted new Section 5713.081, Revised Code.

The city of Euclid sought exemption from and remission of taxes upon the real estate involved for the reason that, on the date of the application, the real property was being used by the city for public purposes. It is conceded that there were substantial delinquent taxes due and owing upon the property.

Section 2 of Amended Senate Bill No. 351, in substance, provides that where the state or a political subdivision has acquired title to real property prior to January 1, 1967, and it is being used for public purposes, but has not been placed on the tax exempt list by order of the Board of Tax Appeals, the state or the subdivision having title to the real property may file an application with the Board of Tax Appeals for exemption from and remission of delinquent taxes, penalties and interest, and the board is authorized to grant such application.

The auditor contends that Section 2 is retroactive or retrospective legislation and is therefore contrary to the provisions of Section 28 of Article II and Section 2 of Article I of the Constitution of Ohio and also violative of Section 1 of Article XIV of the Amendments to the Constitution of the United States.

The record before the Board of Tax Appeals contains no evidence of the dates when the parcels involved were converted to public use. Accordingly, there is no basis for remission under Section 5713.081, Revised Code, or exemption under Section 5709.08, Revised Code. Moreover, it is admitted that a portion of the taxes and penalties remitted by the decision of the board accrued prior to the

acquisition of the properties by the city. The foregoing statutes clearly preclude exemption while such portion of the taxes and penalties remains unpaid. The decision of the board rests exclusively upon the temporary provisions of Section 2.

Section 2 is vulnerable to constitutional attack in that it permits forgiveness of an accrued tax debt, lawfully owing and not previously remissable, and discriminates against other political subdivisions which, having paid their taxes and obtained available exemptions under subsisting law, cannot benefit equally under its provisions. This court considered legislation providing forgiveness of accrued taxes and penalties in *State, ex rel. Hostetter,* v. *Hunt,* 132 Ohio St. 568. The first paragraph of the syllabus reads:

"A statute which confers special benefits on delinquent taxpayers not equally available to nondelinquent taxpayers violates Section 2 of Article I of the Constitution of Ohio and is therefore void and of no effect."

In *State, ex rel. Struble,* v. *Davis,* 132 Ohio St. 555, the court considered two enactments providing for temporary tax exemptions for periods beginning on dates *preceding* the effective dates of the legislation. The fourth paragraph of the syllabus is in the words following:

"The provisions of House Bill No. 674, passed July 1, 1933, and Amended Senate Bill 23, passed March 5, 1935, in so far as they provide for the exemption of taxes, the assessment of which had been completed at the time such acts respectively became laws, are violative of the provisions of Section 28, Article II of the state Constitution, providing that 'the General Assembly shall have no power to pass retroactive laws.'" See, also, *State, ex rel. Crotty,* v. *Zangerle,* 133 Ohio St. 532, and *Commissioners* v. *Rosche Bros.,* 50 Ohio St. 103.

The city of Euclid defends the validity of the temporary law at bar by maintaining that the foregoing cases do not apply to political subdivisions which are the tax creditor as well as the tax debtor, as the subdivisions are entitled to distribution of the very tax moneys which they

**8**

owe. However, it is undisputed in the instant case that the city of Euclid is only one of several political subdivisions entitled to participate in the distribution of the tax moneys payable in the first instance to Cuyahoga County. Absent an identity of the debtor subdivision and the entity entitled to distribution upon collection of the entire tax debt, a fatal discrimination between delinquent and nondelinquent subdivisions within the county is created.

In the case of *Society for the Propagation of Gospel* v. *Wheeler* (1814), 2 Gall. (U. S. C. C.) 105, 139, Justice Story speaks as follows:

"Upon principle, every statute, which takes away or impairs vested rights acquired under existing laws, or creates a new obligation, imposes a new duty, or attaches a new disability, in respect to transactions or considerations already passed, *must be deemed retrospective * * *.*" (Emphasis added.)

Section 2 of Amended Senate Bill No. 351 (1967) is retroactive and discriminatory legislation and therefore is contrary to the provisions of both the state and federal constitutions.

It follows that the decision of the Board of Tax Appeals must be, and is, reversed.

*Decision reversed.*

TAFT, C. J., ZIMMERMAN, MATTHIAS, O'NEILL and SCHNEIDER, JJ., concur.

THOMAS M. HERBERT and DUNCAN, JJ., not participating.