VOINOVICH, AUDITOR, APPELLANT, *v.* BOARD OF PARK COMMRS. OF THE CLEVELAND METROPOLITAN PARK DIST., APPELLEE.

[Cite as Voinovich v. Bd. of Park Commrs. (1975), 42 Ohio St. 2d 511.]

(No. 74-897—Decided June 25, 1975.)

512

*Mr. John T. Corrigan,* prosecuting attorney, and *Mr. Thomas P. Cyrus,* for appellant.

*Messrs. Kelley, McCann & Livingstone, Mr. Walter C. Kelley* and *Mr. Michael L. Gordon,* for appellee.

O'Neill, C. J. The question presented in this appeal is whether Amended House Bill No. 355 (1973) is constitu‐ tional.

Appellant contends that *Perk* v. *Euclid* (1969), 17 Ohio St. 2d 4, 244 N. E. 2d 475, is controlling in the present case. This court disagrees. The syllabus in *Perk* states:

"Section 2 of Amended Senate Bill No. 351 (1967), an uncodified temporary statute, is retroactive and discrim‐ inatory legislation, conferring benefits upon delinquent tax‐ payers not equally available to nondelinquent taxpayers and is therefore contrary to Section 2 of Article I, and Sec‐ tion 28 of Article II of the Constitution of the state of Ohio and is also violative of Section 1 of Article XIV of the Amendments to the Constitution of the United States."

As enacted, Amended Senate Bill No. 351 had two sec‐ tions.

The first section enacted what is now R. C. 5713.081. Prior to the enactment of that section, R. C. 5713.08 allow‐ ed the auditor, with the consent of the Board of Tax Ap‐ peals, to remit delinquent general taxes, penalties and in‐ terest in certain cases without any limitation as to years. However, R. C. 5713.081 provided that " * * * the Board of Tax Appeals shall have no authority to remit more than one year's delinquent taxes, penalties, and interest." Since R. C. 5713.081 became effective on November 24, 1967, and

operative on January 1, 1969, the section provided its own grace period of about 13 months.

The second section of the Senate bill, which this court held unconstitutional in *Perk,* apparently was intended to provide a temporary procedure for the remission of delinquent general taxes until the first section became operative on January 1, 1969. However, Section 2 did more than simply establish a temporary procedure. Section 2 of Amended Senate Bill No. 351 provided, in part:

"Upon receipt of such application and after consideration thereof, the Board of Tax Appeals shall issue an order consenting to and directing that the property be placed on the tax exempt list of the county for the year 1968, and it shall order the remission of all delinquent taxes, penalties, and interest thereon if it finds that the property is now entitled to tax exemption as public property used exclusively for public purposes, *regardless of whether the property involved was used exclusively for public purposes during all of the years in which the tax delinquency occurred,* or issue an order denying the application if it finds that the property is now being used for a private purpose or is being used for a purpose which would foreclose its right to tax exemption." (Emphasis added.)

Remission, pursuant to R. C. 5713.08, had previously been unavailable if any of the delinquent taxes accrued during a period when the property was not used for an exempt purpose. R. C. 5713.08; *Ursuline Academy of Cleveland* v. *Bd. of Tax Appeals* (1943), 141 Ohio St. 559, 49 N. E. 2d 680; *Ursuline Academy of Cleveland* v. *Bd. of Tax Appeals* (1943), 141 Ohio St. 563, 49 N. E. 2d 674. In addition to providing a temporary remission procedure, Section 2 attempted to forgive tax indebtedness that could not have been forgiven under the prior law. That difficulty with Section 2 was the basis of the court's decision in *Perk* v. *Euclid, supra.* At pages 6 and 7 in *Perk* the court said:

"* * * Moreover, it is admitted that a portion of the taxes and penalties remitted by the decision of the board accrued prior to the acquisition of the properties by the

city. The foregoing statutes clearly preclude exemption while such portion of the taxes and penalties remains unpaid. The decision of the board rests exclusively upon the temporary provisions of Section 2.

"Section 2 is vulnerable to constitutional attack in that it permits forgiveness of an accrued tax debt, lawfully owing *and not previously remissible*, and discriminates against other political subdivisions which, having paid their taxes and obtained available exemptions under subsisting law, cannot benefit equally under its provisions." (Emphasis added.)

The three constitutional violations found in *Perk* flowed directly from the fact that Section 2 attempted to forgive accrued tax debts not previously remissible.

In contrast to the language used in Section 2 of Amended Senate Bill No. 351, Amended House Bill No. 355 states, in part:

"Section 1. Notwithstanding Chapter 5713 of the Revised Code, when a house and the ground attached thereto is used exclusively for public worship, or any property of a public college or academy used for educational purposes, or when public property used exclusively for a public purpose but has not received tax exemption as authorized by Section 5709.07 or 5709.08 of the Revised Code due to a failure to comply with Chapter 5713 of the Revised Code the title holder of the property may, at any time prior to December 31, 1974, file with the Board of Tax Appeals an application requesting that the property be placed on the tax exempt list and that all delinquent taxes, penalties and interest thereon shall be abated.

"  *  *  *

"Upon receipt of such application and after consideration thereof, the Board of Tax Appeals, if it determines the applicant meets the qualifications set forth in this act, shall issue an order consenting to and directing that the property be placed on the tax exempt list of the county, and it shall order the abatement of all delinquent taxes, penalties, and interest *for every year it finds the house and*

*the grounds attached thereto were used exclusively for public worship, or any property of a public college or academy used for educational purposes, or the public property was used exclusively for public purposes.* If it finds that the property is not now being so used or is being used for a purpose which would foreclose its right to tax exemption, it shall issue an order denying the application." (Emphasis added.)

Unlike Senate Bill 351, the remission allowed by Amended House Bill 355 extends only to those accrued tax debts which would have been remissible prior to the operation of R. C. 5713.081. House Bill 355 does not give an advantage to delinquent taxpayers that was unavailable to other taxpayers in the same class, as Senate Bill 351 did.

The Board of Tax Appeals found, and it is undisputed by the parties that both parcels were used in an exempt manner throughout the entire period set forth in the applications, and would have qualified for tax exemption during each of those years. House Bill 355 merely suspended the operation of R. C. 5713.081 for the temporary period from November 21, 1973, to December 31, 1974, allowing appellee to take advantage of the law in effect and available to all other taxpayers in the same class prior to the enactment of R. C. 5713.081. As such, House Bill 355 is nondiscriminatory remedial legislation, which does not violate Section 2 of Article I, or Section 28 of Article II of the Ohio Constitution, nor is it violative of Section 1 of the Fourteenth Amendment to the Constitution of the United States.

For the foregoing reasons, the decision of the Board of Tax Appeals is affirmed.

*Decision affirmed.*

HERBERT, CORRIGAN, STERN, CELEBREZZE, W. BROWN and P. BROWN, JJ., concur.