CLEVELAND CLINIC FOUNDATION, APPELLEE,
*v.* WILKINS, TAX COMMR., APPELLANT.

[Cite as *Cleveland Clinic Found. v. Wilkins,*
103 Ohio St.3d 382, 2004-Ohio-5468.]

(No. 2003–0235—Submitted June 8, 2004—Decided October 27, 2004.)

LUNDBERG STRATTON, J.

{¶ 1} The Tax Commissioner has raised two issues in his appeal. Because one of those issues is dispositive of this appeal, we will address only that issue, which is whether the Tax Commissioner can consider an application for exemption that has attached to it a certification of the treasurer that shows unpaid special assessments, including penalties and interest. We find that R.C. 5713.08 does not permit the Tax Commissioner to consider an application for exemption in that situation.

{¶ 2} In July 1998, the Cleveland Clinic Foundation filed an application with the Tax Commissioner, requesting that he exempt certain real property for tax year 1998 and grant remission of taxes and penalties for tax year 1997. The real property for which the clinic sought exemption was property it had leased in Strongsville. The application filed by the clinic stated that title to the property was in the clinic's name and that it had received title on December 19, 1996. However, the auditor's property card attached to the application showed the owner of the title to be Royalton Road Joint Venture. The treasurer's certificate attached to the application stated that there were taxes, special assessments, penalties, and interest unpaid for tax year 1997.

{¶ 3} The Tax Commissioner denied the application for exemption, finding that the clinic was not the owner of the property and that the treasurer's certificate showed taxes, penalties, assessments, and interest outstanding on the property. The clinic appealed to the Board of Tax Appeals, which found that the clinic controlled such a large "bundle of rights" in the property that it had standing to file an application for exemption and that the requirement in R.C. 5713.08 that the taxes and assessments be paid did not preclude the commissioner from considering the application.

{¶ 4} This matter is before the court as an appeal as of right.

{¶ 5} Former R.C. 5713.08 provided:

{¶ 6} "(A) * * *

{¶ 7} "The commissioner shall not consider an application for exemption of property unless the application has attached thereto a certificate executed by the county treasurer certifying either of the following:

{¶ 8} "(1) That all taxes, assessments, interest, and penalties levied and assessed against the property sought to be exempted have been paid in full to the date upon which the application for exemption is filed, except for such taxes, interest, and penalties that may be remitted under division (B) of this section; or

{¶ 9} "(2) That the applicant has entered into a valid undertaking with the county treasurer pursuant to division (A) of section 323.31 of the Revised Code to pay all of the delinquent taxes, assessments, interest, and penalties charged against the property, except for such taxes, interest, and penalties that may be remitted under division (B) of this section. * * *

{¶ 10} "(B) Any taxes, interest, and penalties which have become a lien after the property was first used for the exempt purpose, but in no case prior to the date of acquisition of the title to the property by the applicant, may be remitted by the commissioner, except as is provided in section 5713.081 of the Revised Code [which limits remission to three years]." 1990 Am.Sub.S.B. No. 332, 143 Ohio Laws, Part I, 1691.

{¶ 11} The treasurer's certificate attached to the clinic's application for exemption sets forth that there were unpaid taxes, including penalties and interest, in the amount of $53,712.18 for tax year 1997. In addition, the treasurer's certificate showed unpaid special assessments, including penalties and interest, in the amount of $8,929.45 for tax year 1997. The Tax Commissioner contends that these unpaid taxes and assessments prevent him from considering the application for exemption.

{¶ 12} R.C. 5713.08(A)(1) then and now specifically requires that the treasurer's certificate state that "all * * * assessments, interest, and penalties levied and assessed against the property * * * have been paid in full to the date upon which the application for exemption is filed." In *State v. Carney* (1956), 166 Ohio St. 81, 83, 1 O.O.2d 210, 139 N.E.2d 339, the court distinguished taxes from special assessments, stating: "A special assessment is not a tax as such. It is an assessment against real property based on the proposition that, due to a public improvement of some nature, such real property has received a benefit." Thus, a special assessment is different from a tax. That difference between taxes and special assessments is recognized in R.C. 5713.08.

{¶ 13} R.C. 5713.08(A)(1) requires all taxes, assessments, interest, and penalties to be paid in full at the time an application for exemption is filed, except for such taxes, interest, and penalties that may be remitted under R.C. 5713.08(B). Therefore, while taxes, interest, and penalties that may be remitted under R.C. 5713.08(B) need not be shown as paid in full on the treasurer's certificate, there is no comparable provision that assessments do not need to be paid in full. As a result, the treasurer's certificate submitted with the application for exemption must show the assessments, interest, and penalties as being paid in full. If the assessments, interest, and penalties are not shown as being paid in full on the treasurer's certificate, the Tax Commissioner cannot consider the attached application for exemption.

{¶ 14} The treasurer's certificate submitted with the application for exemption in this case showed unpaid special assessments, interest, and penalties. In dismissing an application for exemption in *Ursuline Academy of Cleveland v. Bd. of Tax Appeals* (1943), 141 Ohio St. 559, 561–562, 26 O.O. 151, 49 N.E.2d 680, the court stated in reference to the predecessor of R.C. 5713.08: "Under the statute above quoted a certificate of the county treasurer certifying that such taxes, assessments, penalties and interest have been paid in full to the date upon which the application for exemption is filed is a condition precedent to the consideration of the application by the Board of Tax Appeals [the board has now been replaced in the statute by the Tax Commissioner]." Likewise, in *Carney v. State* (1952), 158 Ohio St. 348, 349, 49 O.O. 213, 109 N.E.2d 281, the court dismissed an application for exemption for property for which special assessments were

unpaid, quoting G.C. 5570–1, the predecessor of R.C. 5713.08, as follows: "[T]he 'Board of Tax Appeals [the board has been replaced in the statute by the Tax Commissioner] *shall not consider* an application for exemption' unless the application has attached thereto a treasurer's certificate that assessments against the property sought to be exempted have been paid in full." (Emphasis sic.) That same result is applicable to this case. The clinic's application for exemption was properly dismissed by the Tax Commissioner for failure to comply with R.C. 5713.08. Therefore, we need not address the issue of standing.

{¶ 15} Therefore, we hold that the Tax Commissioner may not consider an application for exemption of property unless the application has attached thereto a certificate executed by the county treasurer showing that all assessments, interest, and penalties sought to be exempted have been paid in full to the date upon which the application for exemption is filed or that the applicant has entered into a valid undertaking with the county treasurer pursuant to R.C. 323.31(A) to pay all of the delinquent assessments, penalties, and interest charged against the property. Because the applicant here did neither one, we find the decision of the Board of Tax Appeals to be unreasonable and unlawful and hereby reverse it.

Decision reversed.

MOYER, C.J., RESNICK, F.E. SWEENEY, PFEIFER, O'CONNOR and O'DONNELL, JJ., concur.

_____

Tucker, Ellis & West, L.L.P., Irene C. Keyse–Walker, Brian W. FitzSimons and Benjamin C. Sassé, for appellee.

Jim Petro, Attorney General, and Richard C. Farrin, Senior Deputy Attorney General, for appellant.