CAMBRIDGE COMMONS LIMITED PARTNERSHIP, APPELLANT, *v.* GUERNSEY COUNTY BOARD OF REVISION ET AL., APPELLEES.

[Cite as *Cambridge Commons Ltd. Partnership v. Guernsey Cty. Bd. of Revision,* 106 Ohio St.3d 27, 2005-Ohio-3558.]

(No. 2003–1710—Submitted May 11, 2005—Decided July 27, 2005.)

**Per Curiam.**

{¶ 1} The appellant, Cambridge Commons Limited Partnership, challenges the value assigned to its real property by the Guernsey County Auditor and the Guernsey County Board of Revision for tax year 2001. The property—identified in the county auditor's records as parcel number 06–00094.001—is known as Laughlin Woods Apartments. A 40–unit apartment complex constructed in 1999 is on the property, which covers 4.092 acres of land.

{¶ 2} For tax year 2001, the auditor fixed the true value of the property—including both the land and the improvements on it—at $1,909,770. Cambridge Commons argues that its property was worth only $870,000 that year.

{¶ 3} Cambridge Commons presented its arguments first to the Guernsey County Board of Revision, which left unchanged the taxable value assigned to the property by the auditor. Cambridge Commons then appealed that decision under R.C. 5717.01 to the Board of Tax Appeals ("BTA"). The BTA found that Cambridge Commons had not presented sufficient evidence to support its claim that the auditor had overvalued the property, and the BTA therefore determined that the taxable value of the property should remain unchanged from the value set by the auditor.

{¶ 4} Cambridge Commons has now appealed to this court. For the reasons that follow, we affirm the BTA's decision.

{¶ 5} "When cases are appealed from a board of revision to the BTA, the burden of proof is on the appellant, whether it be a taxpayer or a board of education, to prove its right to an increase or decrease from the value determined by the board of revision." *Columbus City School Dist. Bd. of Edn. v. Franklin Cty. Bd. of Revision* (2001), 90 Ohio St.3d 564, 566, 740 N.E.2d 276. And when the BTA is considering testimony and appraisal reports about the value of property, "the BTA possesses wide discretion in evaluating the weight of the

evidence and the credibility of the witnesses that come before it." *Fawn Lake Apts. v. Cuyahoga Cty. Bd. of Revision* (1999), 85 Ohio St.3d 609, 613, 710 N.E.2d 681.

{¶ 6} In this case, a state-certified real estate appraiser prepared a written appraisal report and testified before the BTA on behalf of Cambridge Commons. That appraiser—Thomas Kaliker—calculated a value for the property under three different methods: (1) the income-capitalization approach, which focuses on a property's capacity to generate income for the owner, (2) the sales-comparison approach, which focuses on the prices of comparable properties that have changed hands recently, and (3) the cost approach, which focuses on the cost of replacing the improvements on the property. Kaliker believed that the income-capitalization approach provided the most accurate measure of this particular property's value, and under that approach, he appraised the property's value at $870,000.

{¶ 7} The BTA found Kaliker's opinion unconvincing. The comparable properties that Kaliker examined in appraising the property were 19 to 28 years older than the Cambridge Commons apartment project, and, according to the BTA, Kaliker "ignored the significant differences in the comparables' expenses" when calculating the income-generating value of the property at issue. The BTA concluded that Kaliker's appraisal did not offer "probative evidence" on the question of the property's value, and therefore the BTA found that Cambridge Commons had not met its burden of demonstrating a value different from the one determined by the county auditor and the board of revision.

{¶ 8} We agree with Cambridge Commons that the BTA erred in criticizing some of appraiser Kaliker's calculations, but in the end, we conclude that the error did not change the outcome. The BTA found fault with Kaliker's report because it listed real estate taxes as an expense item for all of the other apartment complexes that he examined but listed no real estate taxes as an expense item for the Cambridge Commons property. Yet Kaliker's report explained that he first estimated the annual cash flow that the property in question would generate "before real estate taxes" and then factored in the relevant property tax rate when converting that cash-flow figure into an estimate of the property's market value under the income-capitalization approach. That approach was not a flawed one and did not "doubl[e] the tax liabilities in his income approach" as the BTA claimed.

{¶ 9} Even so, we are convinced that the BTA's apparent misstatement about this one part of Kaliker's income-capitalization analysis did not provide the sole basis for the BTA's conclusion that Kaliker's appraisal was unreliable. When discussing Kaliker's income-capitalization calculations, the BTA criticized his choice of comparable properties and his failure to make a larger adjustment for

the age of those properties. And Kaliker's sales-comparison approach was flawed, according to the BTA, because he made "inappropriate" downward adjustments in his report when he listed recent sale prices of comparable properties.

{¶ 10} Even if we overlook the BTA's misstatement about the appraiser's treatment of real estate taxes in his income-capitalization calculations, the various other concerns identified by the BTA could reasonably have led it to conclude that the appraiser had failed to present a reliable estimate of the true value of the property at issue. In light of the discretion that we accord the BTA to decide the weight, if any, to be given to a witness's testimony, and in light of the fact that the burden of proof rested on Cambridge Commons to show that the value set by the board of revision was wrong, we cannot say that the BTA's refusal to adopt Kaliker's appraisal was unreasonable.

{¶ 11} Cambridge Commons argues as well that the BTA abused its discretion by rejecting Kaliker's adjustments for the age of the comparable apartment complexes without actually inspecting them. That argument is not well taken, however, because the BTA has no obligation to inspect property or to disprove a witness's testimony by gathering contrary information. To be sure, the BTA "may make such investigation concerning the appeal as it deems proper," R.C. 5717.01, but BTA hearings "shall proceed in similar manner to a civil action," Ohio Adm.Code 5717–1–15(C) (now (G)), with the BTA or its hearing officer serving in a quasi-judicial role. In reaching its decisions, the BTA may properly rely on the sworn testimony of the witnesses who appear before it, any exhibits admitted at BTA hearings, and the record certified to it by the county board of revision or the Tax Commissioner. No provision of Ohio law requires the BTA to inspect real or personal property when the value of that property is at issue before the BTA, and the same is true of any similar property alleged to be comparable to the property in question.

{¶ 12} As we have said, the BTA "may accept all, part, or none" of a witness's testimony. *Simmons v. Cuyahoga Cty. Bd. of Revision* (1998), 81 Ohio St.3d 47, 48, 689 N.E.2d 22. "We will not reverse the BTA's determination on credibility of witnesses and weight given to their testimony unless we find an abuse of * * * discretion." *Natl. Church Residence v. Licking Cty. Bd. of Revision* (1995), 73 Ohio St.3d 397, 398, 653 N.E.2d 240. The BTA's decision in a valuation case such as this will be undone by this court "only when it affirmatively appears from the record that such decision is unreasonable or unlawful." *Throckmorton v. Hamilton Cty. Bd. of Revision* (1996), 75 Ohio St.3d 227, 229, 661 N.E.2d 1095; R.C. 5717.04.

{¶ 13} In this case, the BTA's conclusion that the value of the property should remain unchanged from the value set by the auditor is reasonable and is

supported by the evidence, and the BTA did not abuse its discretion in reaching that conclusion. "In the absence of probative evidence of a lower value," a county board of revision and the BTA "are justified in fixing the value at the amount assessed by the county auditor." *Salem Med. Arts & Dev. Corp. v. Columbiana Cty. Bd. of Revision* (1998), 82 Ohio St.3d 193, 195, 694 N.E.2d 1324. Because appellant Cambridge Commons failed to carry its burden of proof on the issue of valuation, and because the BTA's decision is supported by the evidence in the record, we affirm the BTA's decision.

Decision affirmed.

MOYER, C.J., RESNICK, PFEIFER, LUNDBERG STRATTON, O'CONNOR, O'DONNELL and LANZINGER, JJ., concur.

---

James E. Rook, for appellant.

Rich, Crites & Wesp and Jeffrey A. Rich, for appellee Cambridge Local School District Board of Education.