STRONGSVILLE BOARD OF EDUCATION, APPELLEE, v. WILKINS, TAX COMMR., APPELLEE; SALVATION ARMY, APPELLANT.

[Cite as *Strongsville Bd. of Edn. v. Wilkins,*
108 Ohio St.3d 115, 2006-Ohio-248.]

(No. 2004–1854—Submitted September 21, 2005—Decided February 8, 2006.)

MOYER, C.J.

{¶ 1} The issue in this case is whether the Tax Commissioner has statutory authority to consider an application for a real-property-tax exemption when, at the time the application is filed, the property owner has not yet paid or agreed to pay outstanding nonremittable taxes, interest, and penalties on the property.

### FACTUAL AND PROCEDURAL BACKGROUND

{¶ 2} The Salvation Army, appellant, owns a building in Strongsville in which it operates a thrift store. The Salvation Army purchased the land for the store site in December 1997 and built the store during 1998 and early 1999.

{¶ 3} On December 9, 1999, the Salvation Army filed with the Cuyahoga County Auditor a request for an exemption from real-property taxes on the property for tax year 1999 and a request for the remission of unpaid taxes for tax year 1998. The requests were based on R.C. 5709.12(B), which exempts from taxation any property that is used for charitable purposes. A certificate executed by the county treasurer was attached to the application and indicated that when the Salvation Army filed the application it still owed $813.28 in taxes from tax year 1997.

{¶ 4} Upon receipt of a letter from the Tax Commissioner advising that the Tax Commissioner could not consider the application for exemption unless all taxes, interest, and penalties for tax year 1997 were paid within 30 days, the Salvation Army paid the outstanding balance within 30 days, and the tax exemption was granted.

{¶ 5} The Strongsville Board of Education appealed to the Board of Tax Appeals ("BTA"), which reversed the decision of the Tax Commissioner and dismissed the exemption application of the Salvation Army. The BTA concluded that the failure of the Salvation Army to pay the 1997 taxes before filing the application with the county auditor deprived the Tax Commissioner of jurisdiction to consider the exemption request.

{¶ 6} The matter is before this court upon an appeal as of right.

## STANDARD OF REVIEW

{¶ 7} In reviewing a decision of the BTA, this court considers whether the decision was "reasonable and lawful." *Columbus City School Dist. Bd. of Edn. v. Zaino* (2001), 90 Ohio St.3d 496, 497, 739 N.E.2d 783. We will reverse a decision of the BTA that is based on an incorrect legal conclusion. *Gahanna–Jefferson Local School Dist. Bd. of Edn. v. Zaino* (2001), 93 Ohio St.3d 231, 232, 754 N.E.2d 789. It is well settled that the court will defer to factual determinations of the BTA if the record contains reliable and probative support for them. *Am. Natl. Can Co. v. Tracy* (1995), 72 Ohio St.3d 150, 152, 648 N.E.2d 483.

## ANALYSIS

{¶ 8} We begin our analysis by examining the relevant statutory language. R.C. 5713.08 provides:

{¶ 9} "(A) * * *

{¶ 10} "The commissioner shall not consider an application for exemption of property unless the application has attached thereto a certificate executed by the county treasurer certifying one of the following:

{¶ 11} "(1) That all taxes, assessments, interest, and penalties levied and assessed against the property sought to be exempted have been paid in full to the date upon which the application for exemption is filed, except for such taxes, interest, and penalties that may be remitted under division (B) of this section;

{¶ 12} "(2) That the applicant has entered into a valid delinquent tax contract with the county treasurer pursuant to division (A) of section 323.31 of the Revised Code to pay all of the delinquent taxes, assessments, interest, and penalties charged against the property, except for such taxes, interest, and penalties that may be remitted under division (B) of this section. * * *

{¶ 13} "(B) Any taxes, interest, and penalties which have become a lien after the property was first used for the exempt purpose, but in no case prior to the date of acquisition of the title to the property by the applicant, may be remitted by the commissioner, except as is provided in division (A) of section 5713.081 of the Revised Code."

{¶ 14} This court recently examined the meaning of R.C. 5713.08(A) in *Cleveland Clinic Found. v. Wilkins*, 103 Ohio St.3d 382, 2004-Ohio-5468, 816 N.E.2d 224. In *Cleveland Clinic*, we held that the Tax Commissioner has no statutory authority to consider an exemption application when nonremittable special assessments remained unpaid to the date upon which the application for exemption was filed. Id. at syllabus. Although *Cleveland Clinic* concerned unpaid special assessments rather than unpaid taxes, the underlying principle applies. Under R.C. 5713.08(A), the Salvation Army must have paid or have agreed to pay in full all nonremittable taxes, interest, and penalties by the time it filed its tax-exemption application.

{¶ 15} The certificate executed by the treasurer shows that when the Salvation Army filed the exemption application in December 1999, it still owed $813.28 for tax year 1997. Tax year 1997 was not a year for which the Salvation Army could have sought remission of taxes, because it did not acquire the property until December of that year. See *Cleveland v. Limbach* (1988), 40 Ohio St.3d 295, 296, 533 N.E.2d 336. Thus, pursuant to R.C. 5713.08(A), the application was defective and the Tax Commissioner had no authority to consider the application.

{¶ 16} Although the Salvation Army paid the past-due 1997 taxes in 2000, that payment did not change the fact that the certificate executed by the county treasurer did not show that all nonremittable taxes on the property had been paid in full by the time the exemption application was filed. The 1997 taxes should have been paid before the Salvation Army filed the application. They were not, and the BTA correctly held that the application did not comply with the statute.

{¶ 17} The Salvation Army argues that R.C. 5713.08 does not require a property owner to pay in full all nonremittable taxes, interest, and penalties on a piece of property before seeking a tax exemption for that property. The Salvation Army contends that the Tax Commissioner may consider an exemption application so long as all nonremittable taxes are paid by the time the Tax Commissioner formally considers the application, even if the certification by the county treasurer shows that nonremittable taxes were unpaid when the application was filed. In support of this position, the Salvation Army refers to the 30-day letter it received from the Tax Commissioner in which the Tax Commissioner informed the Salvation Army that the application for exemption was deficient due to the failure to pay nonremittable taxes, penalties, and interest and that "[i]f these taxes, penalties, and interest are not paid within 30 days after receipt of this notice, the application for exemption will be dismissed."

{¶ 18} The Salvation Army contends that because it paid the taxes for the 1997 tax year within 30 days of the date of the letter, the Tax Commissioner had jurisdiction to consider the application for exemption. The Tax Commissioner, however, does not have authority to waive the R.C. 5713.08(A) jurisdictional

requirement, and sending such letters is not consistent with the language of the statute.

{¶ 19} Accordingly, we hold that the Tax Commissioner shall not consider an application for exemption of property unless the application has attached thereto a certificate executed by the county treasurer showing that all nonremittable taxes, interest, and penalties have been paid in full to the date upon which the application for exemption is filed or that the applicant has entered into a valid undertaking with the county treasurer pursuant to R.C. 323.31(A) to pay all of the delinquent nonremittable taxes, interest, and penalties charged against the property.

{¶ 20} For the foregoing reasons, we affirm the decision of the BTA.

Decision affirmed.

RESNICK, O'CONNOR and LANZINGER, JJ., concur.

PFEIFER, LUNDBERG STRATTON and O'DONNELL, JJ., dissent.

———————

**PFEIFER, J., dissenting.**

{¶ 21} R.C. 5713.08(A) determines when the Tax Commissioner may *consider* an application for exemption. Pursuant to R.C. 5713.08(A)(1), the commissioner may "not consider" an exemption until the county treasurer certifies "[t]hat all taxes * * * levied and assessed against the property sought to be exempted have been paid in full *to* the date upon which the application for exemption is filed." (Emphasis added.) The key phrase in R.C. 5713.08(A)(1) is "paid in full *to* the date" the application is filed. The statute does not require that taxes be paid in full "*on* the date" the application is filed or "*at* the date the application is filed" or "*upon* the date the application is filed." The General Assembly purposely picked a prepositional phrase—"to the date"—that does not require taxes to be paid on the date the exemption application is *filed*. The limitation is upon when the application may be *considered*. The General Assembly tells taxpayers that they may file an application for exemption but that the Tax Commissioner cannot act upon it until the taxes that were due on the date of the application are paid.

{¶ 22} The Tax Commissioner here did not consider the application for exemption until the Salvation Army paid the taxes it owed up to the date it filed its application. At that point, the commissioner properly considered the application.

{¶ 23} There is a key difference between this case and *Cleveland Clinic Found. v. Wilkins,* 103 Ohio St.3d 382, 2004-Ohio-5468, 816 N.E.2d 224. In *Cleveland Clinic,* the applicant had never paid the taxes owed, and thus, we held that the Tax Commissioner could not consider the application for exemption. *Cleveland*

*Clinic* does not apply to an entity that has paid its applicable taxes and thus does not apply to the Salvation Army in this case. A holding in favor of the Salvation Army does not overturn *Cleveland Clinic*; it simply means that entities that pay their taxes are treated differently from those that do not.

O'DONNELL, J., dissenting.

{¶ 24} R.C. 5713.08(A) provides, "The commissioner shall not consider an application for exemption of property unless the application has attached thereto a certificate executed by the county treasurer certifying one of the following:

{¶ 25} "(1) That all taxes * * * assessed against the property * * * have been paid in full to the date upon which the application for exemption is filed * * *."

{¶ 26} Here, the legal issue for our consideration concerns whether R.C. 5713.08(A) requires a property owner to have paid all taxes before filing an application for a tax exemption or only before the Tax Commissioner considers that application. The fact is that the Salvation Army purchased the property in question in 1997; the tax delinquency occurred before it owned the real estate. Because it is a charitable organization, it is by law entitled to this tax exemption. R.C. 5709.12(B). Upon proper filing with the county auditor and in accordance with the ministerial duties of the county treasurer's office, the county treasurer attaches a certificate to the application, as is done in every other exemption case to effect the purposes of the law and to afford to the Salvation Army and others similarly situated that to which they are entitled. R.C. 5713.08(A). In this case, then, on June 22, 2000, the Ohio Department of Taxation sent a letter advising the Salvation Army of a tax deficiency for 1997 and indicating that "taxes * * * for the year [it] acquired the property must be paid before the Tax Commissioner can consider this application." Elemental due process accorded to all litigants consists of providing notice of and an opportunity for a hearing. In my view, the Ohio Department of Taxation merely provided appropriate due process to the Salvation Army in this case, thereby permitting it to correct the deficiency; nothing contained in any statute precludes such notice.

{¶ 27} The record further reveals that on January 30, 2001, the Salvation Army filed an amended application with the county auditor, and it also contains a second treasurer's certificate showing that all taxes had been paid in full as of July 10, 2000. Accordingly, in my view, the Tax Commissioner properly considered the Salvation Army's amended application for exemption because, at the time the Tax Commissioner considered the matter, it contained a treasurer's certificate certifying that all taxes had been paid in full to the date upon which the application for exemption was filed. It makes little difference to the Tax

Commissioner whether the taxes have been paid in full at the time the application is filed or at some later date, provided they are paid in full at the time the Tax Commissioner considers the application. The process followed here of giving notice to the taxpayer does not violate any law and, in this instance, caused the taxpayer to obtain the appropriate certification for consideration by the Tax Commissioner.

{¶ 28} R.C. 5713.08(A) provides, "The commissioner *shall not consider* an application for exemption of property unless the application has attached thereto a certificate executed by the county treasurer certifying * * * [t]hat all taxes, assessments, interest, and penalties levied and assessed against the property sought to be exempted have been paid in full to the date upon which the application for exemption is filed." (Emphasis added.) This statute, therefore, in my view, restricts the authority of the Tax Commissioner to consider an exemption application; it does not refer to the date of payment of the taxes by the taxpayer or provide a timetable for the treasurer to certify such payments. Hence, the Tax Commissioner is not concerned with the actual date the taxpayer pays the taxes. The statute merely precludes the Tax Commissioner's consideration of applications that do not bear a treasurer's certificate at the time of consideration.

{¶ 29} In *Cleveland Clinic Found. v. Wilkins*, 103 Ohio St.3d 382, 2004-Ohio-5468, 816 N.E.2d 224, we held that the Tax Commissioner lacked statutory authority to consider an application in which nonremittable special assessments, penalties, and interest remained unpaid after the treasurer attached his certification. By way of analogy, *Cleveland Clinic* is informative, but I would submit that R.C. 5713.08(A) does not specify the date on which a taxpayer must make payment of taxes in full, as payment before filing is not an obligation imposed on a taxpayer. The majority holds that the statute requires that the taxpayer must have paid all taxes "by the time it filed its tax-exemption application." However, that is not what this statute specifies.

{¶ 30} There has been no violation of the statute in this case because at the time the Tax Commissioner considered the application, all taxes had been paid in full to the date of the filing. Nothing in the statute suggests that the provisions are anything but a restriction on the authority of the Tax Commissioner, nor does any statutory language deprive the Tax Commissioner of jurisdiction to entertain the exemption application of the Salvation Army.

{¶ 31} Accordingly, I concur with Justice Pfeifer and respectfully dissent from the majority's opinion to the contrary.

LUNDBERG STRATTON, J., concurs in the foregoing opinion.

Kolick & Kondzer and Daniel J. Kolick, for appellee Strongsville Board of Education.

Peckinpaugh & Thornton, L.L.C., and A. Clifford Thornton Jr., for appellant.