[Cite as *Gides v. Cuyahoga Cty. Bd. of Revision*, 2014-Ohio-4086.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 100830**

## MARY T. GIDES

PLAINTIFF-APPELLANT

vs.

## CUYAHOGA COUNTY BOARD OF REVISION, ET AL.

DEFENDANTS-APPELLEES

**JUDGMENT:**
AFFIRMED

Administrative Appeal from the
Ohio Board of Tax Appeals
Case Nos. 2013-865 and 2013-879

**BEFORE:** Celebrezze, P.J., Rocco, J., and Kilbane, J.

RELEASED AND JOURNALIZED: September 18, 2014

**ATTORNEY FOR APPELLANT**

David M. Lynch
David M. Lynch, Attorney at Law
333 Babbitt Road
Suite 333
Euclid, Ohio   44123


**ATTORNEYS FOR APPELLEES**

**For Cuyahoga County Board of Revision**

Timothy J. McGinty
Cuyahoga County Prosecutor
BY:   Reno J. Oradini
Assistant Prosecuting Attorney
The Justice Center
1200 Ontario Street
Cleveland, Ohio 44113


**For Euclid City School District Board of Education**

Paul J. Deegan
Karrie M. Kalail
Sarah E. Kutscher
Britton, Smith, Peters & Kalail Co., L.P.A.
3 Summit Park Drive
Suite 400
Cleveland, Ohio   44131

FRANK D. CELEBREZZE, JR., P.J.:

{¶1} Appellant, Mary T. Gides, appeals the decision of the Ohio Board of Tax Appeals ("BTA"), which affirmed the decision of the Cuyahoga County Board of Revision ("BOR") denying a change in value for an apartment building she owned. Gides claims that the BTA erred by not according her evidence of value due weight or rejecting the evidence. After a thorough review of the record and law, we affirm.

## I. Factual and Procedural History

{¶2} Gides owned a multi-unit apartment building located at 19970 Euclid Avenue, Euclid, Ohio, for a number of years. She believed the assessed value of the building for real estate tax purposes was higher than the actual value given the condition of the property and the rents she received. On March 30, 2012, she filed a complaint against the valuation for the 2011 tax year with the BOR. The property was valued at $225,800 by Cuyahoga County, and Gides sought a reduction in value to $80,000. The Board of Education of the Euclid City School District ("Board of Education") filed a counter-complaint seeking to maintain the currently assessed value.

{¶3} The BOR conducted a hearing on March 19, 2013, which was attended by Gides, her attorney, an attorney for the Board of Education, and a witness for Gides. Gides submitted photographs that showed the deteriorating condition of the apartment building. She also offered tax returns from 2007 through 2010 documenting income derived from the building as well as a spreadsheet of rents for an unspecified period of

time.   The BOR's decision indicates that no evidence was introduced to establish that the rents she received were comparable to rents received for similar properties, termed market rental rates.   The BOR also determined that Gides failed to state a capitalization rate in determining the value of the building using an income-based appraisal.   The BOR determined that Gides had not met her burden of demonstrating that the assessed value was inaccurate.   It therefore affirmed the value of $225,800 in a decision issued April 1, 2013.   The BOR indicated, "[t]his decision was based on either; [sic] insufficient evidence, evidence didn't support a value change, testimony didn't support opinion of value, taxpayer and or witnesses could not be cross-examined."

{¶4} Gides appealed the decision to the BTA on April 19, 2013.   She filed a brief in support on December 3, 2013.   Appearance before the BTA was waived by the parties, and the BTA determined the issues on the briefs and the administrative record before it, along with a supplement to the record Gides filed with her brief.   The BTA issued a four-page opinion on December 5, 2013, upholding the decision of the BOR. The BTA determined that the method of valuation used by Gides could not be relied on. Gides's use of an income valuation method to arrive at a fair market value for the property did not include evidence that the rents received were comparable to market rents.  Further, the BTA determined that Gides did not apply a capitalization rate to the purported net operating income to derive a value for the property.   Finally, the BTA addressed the photographs submitted by Gides, which documented the decrepit condition of the building.   The BTA found that there was no supporting testimony documenting

how the condition of the building affected its value. Without such testimony, it is mere speculation as to how any defect in the building affected its value. The BTA determined that "there exists an insufficient basis upon which to alter the fiscal officer's original assessment of the property and the [BOR's] confirmation thereof."

{¶5} Gides appealed the BTA's determination to this court, assigning one error for review:

> I. The Board of Tax Appeals committed error in not accepting as evidence of value as reflected by the condition of the property along with the rents received.

## II. Law and Analysis

### A. Jurisdiction

{¶6} Before addressing the merits of the instant appeal, appellees, the Board of Education, the Cuyahoga County Fiscal Officer, and the BOR, argue that this court lacks jurisdiction because Gides did not name the tax commissioner as a party to the appeal.

{¶7} R.C. 5717.04 gives a party the right to appeal the decision of the BTA to the Ohio Supreme Court or the appellate court in the appropriate jurisdiction. It states, "the proceeding to obtain a reversal, vacation, or modification of a decision of the board of tax appeals shall be by appeal to the supreme court or the court of appeals for the county in which the property taxed is situated or in which the taxpayer resides." The statute goes on to impose several requirements necessary to perfect an appeal. One such requirement states that "[i]n all such appeals the tax commissioner or all persons to whom the decision of the board appealed from is required by such section to be sent, other than the appellant,

shall be made appellees." Former R.C. 5717.04. Appellees point out that the tax commissioner was not named as an appellee in the present action, and therefore, this court lacks jurisdiction.

{¶8} "[W]hen the right to appeal is conferred by statute, an appeal can be perfected only in the manner prescribed by the applicable statute." *Welsh Dev. Co. v. Warren*, 128 Ohio St.3d 471, 2011-Ohio-1604, 946 N.E.2d 215, ¶ 14. These requirements are jurisdictional in nature, and a failure to fulfill any one will require this court to dismiss the appeal. *A.K.J., Inc. v. Wilkins*, 8th Dist. Cuyahoga No. 94594, 2011-Ohio-99.

{¶9} The Ohio Supreme Court has mandated strict compliance with these rules in order to perfect an appeal. *A. Schulman, Inc. v. Wilkins*, 112 Ohio St.3d 1208, 2006-Ohio-6677, 859 N.E.2d 553. However, the court has further explained these requirements and limited jurisdictional prerequisites to those that "run to the core of procedural efficiency." *Akron Std. Div. of Eagle-Picher Indus., Inc. v. Lindley*, 11 Ohio St.3d 10, 12, 462 N.E.2d 419 (1984). In order to comply with the service requirements of R.C. 5717.04, the court held, "[r]eading R.C. 5717.03 with former R.C. 5717.04: an appellant must join as an appellee and serve the appeal on (i) all parties to the BTA appeal (other than the appellant itself), (ii) the owner if the owner was not a party, (iii) the county auditor, and (iv) the tax commissioner." *Mason City School Dist. Bd. of Edn. v. Warren Cty. Bd. of Revision*, 138 Ohio St.3d 153, 2014-Ohio-104, 4 N.E.3d 1027, ¶ 16. But the court recognized that the failure to name the tax commissioner as an appellee was not fatal:

In *Olympic Steel* [*Inc. v. Cuyahoga Cty. Bd. of Revision*, 110 Ohio St.3d 1242, 2006-Ohio-4091, 852 N.E.2d 178], we held that the "appellant's failure in this case to comply with its statutory obligation to serve the notice of appeal on the Tax Commissioner in the prescribed manner deprives this court of jurisdiction to consider the appeal." After *Olympic Steel*, the court held that the service must be initiated within the time for filing an appeal. *Berea City School Dist. Bd. of Edn. v. Cuyahoga Cty. Bd. of Revision*, 111 Ohio St.3d 1219, 2006-Ohio-5601, 857 N.E.2d 145, ¶ 2. We have also held that identifying a party as an appellee in the notice of appeal is not a jurisdictional requirement; it is jurisdictionally sufficient if the party is served. *HK New Plan Exchange Property Owner II, L.L.C v. Hamilton Cty. Bd. of Revision*, 121 Ohio St.3d 1224, 2009-Ohio-1110, 903 N.E.2d 643, ¶ 2.

*Id.* at ¶ 17.

{¶10} In the present case, Gides indicated in the certificate of service attached to her notice of appeal that, while she did not name the tax commissioner as an appellee, she did serve the commissioner via certified mail. Based on *Mason City*, it is adequate to serve the commissioner to invoke the jurisdiction of the court. However, appellees claim that the address Gides used for service was not the proper address for the tax commissioner. Appellees point to a state of Ohio website that lists a different address for certified mail for the tax commissioner. However, there is no evidence of the proper address at the time the notice of appeal was filed. Appellees failed to file a motion to dismiss where such issues could have been properly examined and the record supplemented. Therefore, the only evidence before this court is a certificate professing that the tax commissioner was properly served. Based on the above case law and the facts of this case, this court has jurisdiction to entertain the merits of the present appeal.

**B.  Valuation**

{¶11} Gides argues that the BTA erred when it did not accept her evidence of value and reduce the appraised value of the property accordingly.

{¶12} "The fair market value of property for tax purposes is a question of fact, the determination of which is primarily within the province of the taxing authorities * * *." *Cuyahoga Cty. Bd. of Revision v. Fodor*, 15 Ohio St.2d 52, 239 N.E.2d 25 (1968), at the syllabus. An appellate court reviews a decision of the BTA to determine whether it is reasonable and lawful. R.C. 5717.04; *HIN, L.L.C. v. Cuyahoga Cty. Bd. of Revision*, 124 Ohio St.3d 481, 2010-Ohio-687, 923 N.E.2d 1144, ¶ 13. Therefore, this court will defer to the BTA's determinations of factual issues where those decisions are supported in the record by reliable and probative evidence. *Strongsville Bd. of Edn. v. Wilkins*, 108 Ohio St.3d 115, 2006-Ohio-248, 841 N.E.2d 303, ¶ 7. The burden of demonstrating a valuation different from the current assessed value rests solely on the party seeking a change in value. *Bd. of Edn. of the Columbus City School Dist. v. Franklin Cty. Bd. of Revision*, 90 Ohio St.3d 564, 566, 740 N.E.2d 276 (2001). In the absence of supporting evidence, the valuation adduced by the taxing authority will be maintained.

{¶13} The best evidence of value is a recent, arm's-length sale — the price arrived at by a willing purchaser and willing seller. But "in the absence of a current sale of property, true value in money may be determined by appraisal, utilizing the market approach to value [sales-comparison approach], the income approach or the cost approach." *Springfield Local Bd. of Edn. v. Summit Cty. Bd. of Revision*, 68 Ohio St.3d 493, 494, 628 N.E.2d 1365 (1994). *See also* Ohio Adm.Code 5703-25-07. These

recognized methods of estimating the value of real property have been described as follows:

> (1) the income-capitalization approach * * * focuses on a property's capacity to generate income for the owner, (2) the sales-comparison approach * * * focuses on the prices of comparable properties that have changed hands recently, and (3) the cost approach * * * focuses on the cost of replacing the improvements on the property.

*Cambridge Commons Ltd. Partnership v. Guernsey Cty. Bd. of Revision*, 106 Ohio St.3d 27, 2005-Ohio-3558, 830 N.E.2d 1147, ¶ 6. The Ohio Administrative Code further describes the process of evaluating valuation based on the income approach:

> The value is estimated by capitalizing the net income after expenses, including normal vacancies and credit losses. While the contract rental or lease of a given property is to be considered the current economic rent should be given weight. Expenses should be examined for extraordinary items. In making appraisals by the income approach for tax purposes in Ohio provision for expenses for real property taxes should be made by calculating the effective tax rate in the given tax district as defined in paragraph (E) of rule 5703-25-05 of the Administrative Code, and adding the result to the basic interest and capitalization rate[.] Interest and capitalization rates should be determined from market data allowing for current returns on mortgages and equities. The income approach should be used for any type of property where rental income or income attributed to the real property is a major factor in determining value. The value should consider both the value of the leased fee and the leasehold.

Ohio Adm.Code 5703-25-07.

{¶14} As the BOR and the BTA pointed out in their decisions, Gides did not perform a proper income-capitalization appraisal in arriving at her proposed value of $80,000. No capitalization rate was set forth and no evidence was adduced to support that her rental rates were similar to market rates.

{¶15} This case is distinguishable from others where the record contained adequate information for the BTA to undertake an independent assessment of value. *See, e.g., Colonial Village, Ltd. v. Washington Cty. Bd. of Revision*, 114 Ohio St.3d 493, 2007-Ohio-4641, 873 N.E.2d 298. There, the Ohio Supreme Court held that

> the record in this case contains sufficient evidence to trigger the BTA's duty to undertake an independent valuation of the property. Our cases that address subsidized housing emphasize the propriety of an income approach calculated with "due regard for market rent and current returns on mortgages and equities." *Alliance Towers* [*Ltd. v. Stark Cty. Bd. of Revision*], 37 Ohio St.3d 16, 523 N.E.2d 826, paragraph two of the syllabus. The record contains ample information for the BTA to "determine the taxable value of the property." See R.C. 5717.03.

*Id*. at ¶ 24.

{¶16} Here, Gides did not provide the necessary evidence for the BTA to arrive at an accurate valuation. Her single-page, sparsely populated spreadsheet offered in support of her proposed value of $80,000 stated she received $47,101 in rents for an unspecified period of time. It then listed subtractions for various general categories of expenses and arrived at a generated income for an unspecified period of time of $3,158.20. This does not offer sufficient data to arrive at a proper valuation using the income capitalization method, and Gides did not offer any alternate methods of valuation. "'In the absence of probative evidence of a lower value,' a county board of revision and the BTA 'are justified in fixing the value at the amount assessed by the county auditor.'" *Cambridge Commons Ltd. Partnership*, 106 Ohio St.3d 27, 2005-Ohio-3558, 830 N.E.2d 1147, at ¶ 13, quoting *Salem Med. Arts & Dev. Corp. v. Columbiana Cty. Bd. of Revision*, 82 Ohio St.3d 193, 195, 694 N.E.2d 1324 (1998).

**{¶17}** The photographs Gides submitted are similarly deficient. Without testimony to establish how the defects represented in the photographs affect value, there is no basis to determine that the value of the property is less than that currently assessed. *See Throckmorton v. Hamilton Cty. Bd. of Revision*, 75 Ohio St.3d 227, 661 N.E.2d 1095 (1996).

### III.   Conclusion

**{¶18}** The BTA did accept the evidence Gides submitted, but that evidence was inadequate to support her claimed value of $80,000. The inadequacies were correctly identified by the BTA, and it properly affirmed the decision of the BOR.

**{¶19}** Judgment affirmed.

It is ordered that appellees recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to the Ohio Board of Tax Appeals to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

FRANK D. CELEBREZZE, JR., PRESIDING JUDGE

KENNETH A. ROCCO, J., and
MARY EILEEN KILBANE, J., CONCUR