THROCKMORTON, APPELLANT, *v.* HAMILTON COUNTY BOARD OF
REVISION; HAMILTON COUNTY AUDITOR, APPELLEE.

[Cite as *Throckmorton v. Hamilton Cty. Bd.
of Revision* (1996), 75 Ohio St.3d 227.]

(No. 95–1051—Submitted January 4, 1996—Decided March 5, 1996.)

*David O. Throckmorton,* pro se.

*Joseph T. Deters,* Hamilton County Prosecuting Attorney, and *Thomas J. Scheve,* Assistant Prosecuting Attorney, for appellee Hamilton County Auditor.

*Per Curiam.* Appellant first asserts that the BTA erred in its refusal to order an on-site inspection. Ohio Adm.Code Chapter 5717–1, which contains the rules of the Board of Tax Appeals, sets forth at Ohio Adm.Code 5717–1–11:

"(A) Unless made at a hearing or otherwise ordered, any request to the board shall be by written motion and shall be accompanied by a memorandum in support stating with particularity the grounds for the motion and citations of any authorities relied upon. * * * "

A review of the record in this case fails to show any motion filed by appellant with the BTA requesting that it make, or order, an on-site inspection of the real property in question. While appellant alleges contacts with the auditor's office to make an on-site inspection, none is alleged with the BTA. Because there was no motion filed with the BTA, the appellant's first argument is without merit.

Appellant next contends that the BTA failed to give proper consideration to the distressed condition of the property, or the higher maintenance aspects of the property. The burden was on the appellant to come forward with evidence to prove the true value of the property. *Crow v. Cuyahoga Cty. Bd. of Revision* (1990), 50 Ohio St.3d 55, 552 N.E.2d 892. Evidence of needed repairs, or the cost of needed repairs, while a factor in arriving at true value, will not alone prove true value. It is the decrease in true value that may result from the need for the repairs that is the important factor to be determined by the BTA. Appellant's evidence consisted of pictures of various problem areas that existed on the property. Pamela Throckmorton testified as to her observations as to the condition of the surrounding neighborhood, and David Throckmorton introduced the estimates for repair work which he said needed to be done. Finally, he produced a comparison study which apparently set forth the appraised values for various other properties in the area. The BTA reviewed appellant's comparison study and stated, "the other properties were not comparable to the subject property." Therefore, the BTA found the study to be "worthy of little weight." The BTA, as the finder of fact, is vested with wide discretion in determining the weight to be given evidence and the credibility of witnesses which come before it.

*Cardinal Fed. S. & L. Assn. v. Cuyahoga Cty. Bd. of Revision* (1975), 44 Ohio St.2d 13, 73 O.O.2d 83, 336 N.E.2d 433, paragraph three of the syllabus.

In opposition to appellant's random evidence, the county presented an appraisal prepared by a certified appraiser. The BTA weighed the evidence presented by the parties and accepted the true value of the property, as set forth in the county's appraiser's report. The BTA's determination of true value is a question of fact which will be disturbed only when it affirmatively appears from the record that such decision is unreasonable or unlawful. *Id.* at paragraph four of the syllabus. In this case we find no merit in appellant's second argument.

Appellant's final argument is that the BTA failed to properly appraise the land value. Basically, appellant contends that the BTA should have accepted his estimate of the land value. As set forth above, the BTA rejected appellant's opinion of value and accepted that of the county's appraiser. This court is not a " 'super' board of tax appeals." *Hercules Galion Products, Inc. v. Bowers* (1960), 171 Ohio St. 176, 12 O.O.2d 292, 168 N.E.2d 404. We will not reweigh the evidence. We find no merit in this argument.

The BTA's finding of true value is supported by the evidence, and its decision is reasonable and lawful, and is affirmed.

*Decision affirmed.*

MOYER, C.J., DOUGLAS, WRIGHT, RESNICK, F.E. SWEENEY, PFEIFER and COOK, JJ., concur.