GUPTA ET AL., APPELLANTS, *v.* CUYAHOGA COUNTY
BOARD OF REVISION ET AL., APPELLEES.

[Cite as *Gupta v. Cuyahoga Cty. Bd. of Revision*
(1997), 79 Ohio St.3d 397.]

(No. 96–2437—Submitted May 28, 1997—Decided September 24, 1997.)

*Forrester & Kovanda* and *Ralph D. Kovanda,* for appellants.

*Per Curiam.* The only argument which appellants raise in this appeal is that the BTA erred in giving no consideration to the four failed purchase offers. We disagree.

Gupta testified to four offers received during a period from August 1994 to July 1996. Counsel for the BOR objected to the introduction of the offers on the basis that the offers were too distant from the tax lien date and were not relevant because they were not actual sales. The attorney-examiner overruled the objections and permitted Gupta to testify concerning the offers.

Nevertheless, appellants argue that the BTA did not consider the four failed purchase offers, citing the following statement of the BTA in its decision:

"The appellants have submitted evidence showing that their house is in a state of disrepair. However, they have not submitted probative evidence of value. Absent some evidence quantifying the damage and showing its effect on the value of the property, this Board is unable to determine the effect all the problems noted by the appellants have had upon the property's value."

We do not understand the preceding statement to represent the BTA's evaluation of the unaccepted offers testified to by Gupta. The preceding paragraph relates to the fact that mere evidence of disrepair is not probative evidence of value. In *Throckmorton v. Hamilton Cty. Bd. of Revision* (1996), 75 Ohio St.3d 227, 661 N.E.2d 1095, the property owner contended that the BTA failed to give proper consideration to the distressed conditions of the property. In commenting on that situation, we stated that "[e]vidence of needed repairs, or the cost of needed repairs, while a factor in arriving at true value, will not alone prove true value." *Id.* at 228, 661 N.E.2d at 1096.

The BTA's evaluation of the evidence presented by the parties is contained in its decision as follows:

"The appellants have not provided evidence which rebuts the appraiser's opinion of value. We therefore find the most persuasive evidence of value submitted herein has been the opinion of the appraiser."

Although the BTA permitted Gupta to testify concerning the four unaccepted offers and his opinion of value, the BTA was entitled to evaluate his testimony and determine the weight to be given to it. The BTA was not required to assign any weight to such testimony. Without ruling on whether the testimony concerning the unaccepted offers should have been admitted, we find that such testimony was hearsay. The offerors were not present before the BTA and subject to cross-examination. See 25 A.L.R.4th 571 (1981), Unaccepted Offer for Purchase of Real Property as Evidence of Its Value.

Moreover, while this court has recognized that an arm's-length sale of property raises the rebuttable presumption that the sale price reflects the true value of the property, *Ratner v. Stark Cty. Bd. of Revision* (1986), 23 Ohio St.3d 59, 61, 23 OBR 192, 193, 491 N.E.2d 680, 681–682, unaccepted offers to purchase do not constitute a sale price and so raise no such presumption.

In opposition to Gupta's testimony, the BOR presented the testimony of appraiser, Levering. In *State ex rel. Park Invest. Co. v. Bd. of Tax Appeals* (1964), 175 Ohio St. 410, 25 O.O.2d 432, 195 N.E.2d 908, we recognized the use of an appraisal as one of the ways of showing true value. In that case we said that evidence of an arm's-length sale is often unavailable "and thus an appraisal becomes necessary." *Id.* at 412, 25 O.O.2d at 434, 195 N.E.2d at 910. In this case, there was no arm's-length sale and therefore the BOR's use of an appraisal was a proper method to show true value.

At the conclusion of the hearing, it was the BTA's duty to weigh Gupta's testimony against Levering's appraisal. *Fawn Lake Apts. v. Cuyahoga Cty. Bd. of Revision* (1996), 75 Ohio St.3d 601, 603, 665 N.E.2d 194, 196. The BTA, as the finder of fact, is vested with wide discretion in determining the weight to be given to the evidence and the credibility of the witnesses that come before it. *Cardinal Fed. S. & L. Assn. v. Cuyahoga Cty. Bd. of Revision* (1975), 44 Ohio St.2d 13, 73 O.O.2d 83, 336 N.E.2d 433, paragraph three of. the syllabus. In this case after weighing the evidence, the BTA accepted Levering's appraisal value of $410,000.

We will not substitute our judgment for that of the BTA on factual issues, *Buckeye Power, Inc. v. Kosydar* (1973), 35 Ohio St.2d 137, 64 O.O.2d 82, 298 N.E.2d 610, and we will not overrule its findings of fact if based upon sufficient probative evidence, *Hawthorn Mellody, Inc. v. Lindley* (1981), 65 Ohio St.2d 47, 19 O.O.3d 234, 417 N.E.2d 1257.

The BTA's determination of true value in this case is supported by sufficient probative evidence, and its decision is reasonable and lawful, and is affirmed.

*Decision affirmed.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.