[Cite as *7991 Columbus Pike, L.L.C. v. Delaware Cty. Bd. of Revision*, 2016-Ohio-5758.]

COURT OF APPEALS
DELAWARE COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| 7991 COLUMBUS PIKE, LLC | : | JUDGES: |
| | : | |
| | : | Hon. Sheila G. Farmer, P.J. |
| Appellant | : | Hon. William B. Hoffman, J. |
| | : | Hon. Patricia A. Delaney, J. |
| -vs- | : | |
| | : | Case No. 16 CAH 03 0015 |
| | : | |
| DELAWARE COUNTY BOARD OF REVISION, ET AL. | : | |
| | : | |
| | : | |
| | : | |
| Appellee | : | O P I N I O N |

CHARACTER OF PROCEEDING:          Appeal from the Delaware County Court
                                                            of Common Pleas, Case No.
                                                            15CVF07450

JUDGMENT:                                      AFFIRMED

DATE OF JUDGMENT ENTRY:          September 7, 2016

APPEARANCES:

For Appellant:                                   For Appellee:

STEPHEN D. MARTIN                        KELLEY A. GORRY
50 North Sandusky Street                 KAROL C. FOX
Delaware, OH 43015-1926               6400 Riverside Drive, Suite D
                                                         Dublin, OH 43017-5047

                                                         MARK W. FOWLER
                                                         140 North Sandusky Street, 3rd Floor
                                                         P.O. Box 8006
                                                         Delaware, OH 43015

                                                         HONORABLE MICHAEL DEWINE
                                                         30 East Broad Street, 17th Floor
                                                         Columbus, OH 43215

*Delaney, J.*

{¶1} Appellant 7991 Columbus Pike, LLC appeals the February 22, 2016 judgment entry of the Delaware County Court of Common Pleas.

**FACTS AND PROCEDURAL HISTORY**

{¶2} Appellant 7991 Columbus Pike, LLC ("Columbus Pike") is the owner of property located at the northeast corner U.S. Route 23 and Orange Road in Lewis Center, Delaware County, Ohio ("the Property"). Columbus Pike purchased the Property in 2002 for $2,620,000. At the time of purchase, the Property consisted of 16 acres with a building.

{¶3} For the 2009 tax year, the Delaware County Auditor valued the Property at $1,677,900. Columbus Pike filed a complaint against the valuation of the Property with the Delaware County Board of Revision ("BOR"). The BOR reduced the valuation to $300,000. Appellee Board of Education of the Olentangy Local Schools ("BOE") appealed the BOR decision to the State of Ohio Board of Tax Appeals. The BTA reinstated the original valuation. Columbus Pike appealed the BTA decision to the Ohio Supreme Court, and at the time of this opinion, the matter is pending before the Court.

{¶4} For the 2011 tax year, the Delaware County Auditor valued the Property at $1,550,000. Columbus Pike filed a complaint against valuation of the Property with the BOR. The BOR reduced the valuation to $300,000. The BOE appealed to the BTA and the BTA reinstated the original valuation. Columbus Pike appealed the BTA decision to the Ohio Supreme Court, and at the time of this opinion, the matter is pending before the Court.

{¶5} For the 2014 tax year, the Delaware County Auditor valued the Property at $1,341,700. In 2014, the Property consisted of approximately 10.454 acres, less than the

amount of acreage at the time of the original purchase. Columbus Pike filed a complaint against valuation with the BOR stating the true market value of the Property was $300,000. The BOE filed a counter complaint alleging the true market value of the Property was $1,341,700. The BOR held a hearing on the complaint and counter complaint on June 24, 2015.

{¶6}   At the hearing, Stephen D. Martin testified. He owns 25% of Columbus Pike. Martin provided the BOR with the purchase history of the Property. At some point prior to 2013, Columbus Pike received an offer for the Property from CVS in the amount of $1.6 million. (T. 10). Columbus Pike was unable to get the Property zoned for retail use and the deal fell through. (T. 10). In 2013, Columbus Pike entered into a purchase contract with Nationwide Children's Hospital. (T. 11). The contract was terminated because of the road access to the Property. (T. 11). In 2015, Columbus Pike entered into a purchase and sale agreement with Continental Development, Inc. to purchase the Property for $750,000. (T. 12).

{¶7}   Columbus Pike listed the Property for sale for $995,000. (T. 10). Martin testified Columbus Pike would sell the Property for $700,000 to $750,000 if someone would just pay off the mortgage and deal with the tax issues. (T. 15). Martin argued the value of the Property was limited by the inability to obtain retail zoning and that it could not get a curb cut. (T. 14).

{¶8}   At the conclusion of the hearing, Martin raised another issue to the BOR regarding the valuation of the Property. (T. 20). He stated the only improvement on the remaining tract of the Property was a field of parking added in 2000. (T. 20). It was not

maintained and was deteriorated. (T. 20). BOR Chairman Frissora stated at the end of the hearing,

> All right. I'd like to go ahead and make a motion to table this to review some additional information. We've got some listings and other things to review, and I do want to look at that asphalt part of things also. So I'll make a motion to table.

(T. 21-22). Columbus Pike did not object to the BOR deferring the complaint or reviewing further information outside of the hearing. The motion passed.

{¶9} On June 25, 2015, Deputy Auditor Michael Schuh submitted a Recommendation to the BOR as to the Property. The Schuh Recommendation stated:

> The value recommended here considers the new information provided by the owner.
>
> The listed asking price at $995,000 is considered along with the offer at $750,000.
>
> That offer has not been accepted per the owner. This parcel has restricted access and per the owner they cannot build retail or restaurants at this high traffic corner location.
>
> The paved area was field checked and is considered partially in poor condition and partially in fair condition. The contributory value of that paving was adjusted in this recommendation.

The Schuh Recommendation reduced the total value of the Property from $1,341,700 to $910,000.

{¶10} On July 8, 2015, the BOR reconvened to discuss the Columbus Pike Property. Chairman Frissora stated:

> * * * The attorney/owner testified that the parcel is on the open market to be sold. It's currently listed at 995,000 and there's a current purchase agreement on the parcel which hasn't been finalized. Also, part of the testimony included restricted access and zoning of the parcel. The owner testified that the paving on the back of the parcel is in poor condition. We verified the condition of the paving. The recommendation is made to decrease the value to $910,000.

(T. 2). The motion passed to reduce the value of the Property to $910,000.

{¶11} Pursuant to R.C. 5717.05, Columbus Pike filed an appeal of the BOR decision to reduce the Property valuation to $910,000 with the Delaware County Court of Common Pleas. The BOR certified a transcript of the record of the proceeding, including all evidence offered in connection with the complaint, to the trial court. The statutory transcript included the Schuh Recommendation.

{¶12} The appeal was submitted to the trial court on the briefs. Neither party requested an evidentiary hearing. In its brief, Columbus Pike argued the BOR could not consider the Schuh Recommendation because it was not presented as evidence at the June 24, 2015 hearing. It further argued the BOR erred in its valuation based on the evidence presented at the hearing.

{¶13} On February 22, 2016, the trial court found the value of the Property was $910,000. The trial court held it could consider the Schuh Recommendation under the authority of R.C. 5717.05.

{¶14} It is from this judgment entry that Columbus Pike now appeals.

## ASSIGNMENT OF ERROR

{¶15} Columbus Pike raises one Assignment of Error:

{¶16} "THE TRIAL COURT COMMITTED PREJUDICIAL ERROR IN BASING ITS DETERMINATION OF VALUE OF THE SUBJECT PROPERTY ON THE UNSWORN RECOMMENDATION OF A DEPUTY AUDITOR WHICH WAS NOT PART OF THE EVIDENCE OR THE SUBJECT OF TESTIMONY BEFORE EITHER THE BOARD OF REVISION OR THE TRIAL COURT AND IN DISREGARDING THE EVIDENCE, IN THE RECORD, OF VALUE OF THE PROPERTY."

## ANALYSIS

### Standard of Review

{¶17} Pursuant to R.C. 5717.05, a trial court may hear an appeal from the decision of the county's Board of Revision. R.C. 5717.05 requires more than a mere review of the decision of the Board of Revision. *Amerimar Canton Office, L.L.C. v. Stark Cty. Bd. of Revision*, 5th Dist. Stark No. 2014CA00162, 2015-Ohio-2290, ¶ 11 citing *Black v. Bd. of Revision of Cuyahoga Cty.*, 16 Ohio St.3d 11, 14, 475 N.E.2d 1264 (1985). In reviewing the Board's decision, "the common pleas court is to give the * * * decision no deference." *Lockhart Dev. Co. v. Summit Cty. Bd. of Revision,* 9th Dist. Summit No. 25728, 2011–Ohio–5000, ¶ 8. "Under [R.C.] 5717.05, a common pleas court must 'independently weigh and evaluate all evidence properly before it' in order to 'make an independent determination concerning the valuation of the property at issue.' " *Id.* at ¶ 8, quoting *Black, supra* at 13, 475 N.E.2d 1264. "On the other hand, an appellate court should only disturb the trial court's independent judgment upon an abuse of discretion." *JRB Holdings, L.L.C.*

*v. Wayne Cty. Bd. of Revision,* 9th Dist. Wayne No. 05CA0048, 2006–Ohio–1042, ¶ 6. An abuse of discretion means that the trial court was unreasonable, arbitrary, or unconscionable in its ruling. *Blakemore v. Blakemore,* 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

### *Argument*

{¶18} Columbus Pike contends in its sole Assignment of Error that the trial court abused its discretion when it found the valuation of the Property was $910,000. We disagree.

### *Use of the Schuh Recommendation*

{¶19} Columbus Pike first argues the trial court erred when it relied upon the Schuh Recommendation to determine the valuation of the Property. It states that because the Schuh Recommendation was presented to the BOR after the June 24, 2015 hearing, the Schuh Recommendation could not be considered by the BOR or the trial court for valuation purposes.

{¶20} Pursuant to R.C. 5717.05, "the county board of revision * * * shall certify to the court a transcript of the record of the proceedings of said board pertaining to the original complaint and all evidence offered in connection with that complaint." The trial court "may hear the appeal on the record and the evidence thus submitted, or it may hear and consider additional evidence." R.C. 5717.05.

{¶21} Columbus Pike does not dispute that the Schuh Recommendation is part of the record of the proceedings before the BOR. It argues the Schuh Recommendation was not presented as evidence at the evidentiary hearing; therefore, Columbus Pike's Due

Process protections were violated when the BOR and the trial court relied upon evidence presented after of the evidentiary hearing.

{¶22} A review of the BOR record of proceedings compels this Court to find that Columbus Pike waived any argument as to the BOR's consideration of further evidence in making its determination as to the valuation of the Property. At the conclusion of the evidentiary hearing, Columbus Pike raised the issue of the deteriorating parking lot on the Property. (T. 20). In response, BOR Chairman Frissora stated at the end of the hearing,

> All right. I'd like to go ahead and make a motion to table this to review some additional information. We've got some listings and other things to review, and I do want to look at that asphalt part of things also. So I'll make a motion to table.

(T. 21-22). The motion passed.

{¶23} R.C. 5715.11 states:

> The county board of revision shall hear complaints relating to the valuation or assessment of real property as the same appears upon the tax duplicate of the then current year. The board shall investigate all such complaints and may increase or decrease any such valuation or correct any assessment complained of, or it may order a reassessment by the original assessing officer.

The BOR specifically stated on the record that it would be reviewing additional information to investigate the complaint. It did not state what information it would be reviewing. Columbus Pike made no objection at the evidentiary hearing to the BOR's decision to defer the complaint or to review further information outside of the hearing.

{¶24} A review of the Schuh Recommendation shows that it addressed the questions the BOR raised at the evidentiary hearing. The Deputy Auditor used the information provided by Columbus Pike at the evidentiary hearing and examined the condition of the asphalt parking lot. Based on that information, the Deputy Auditor recommended to reduce the valuation of the Property to $910,000.

{¶25} The BOR stated on the record that it was going to review further information to make its determination as to the value of the Property. The Schuh Recommendation considered the evidence presented by Columbus Pike at the evidentiary hearing and reviewed the condition of the asphalt as requested by the BOR. The Schuh Recommendation is consistent with the BOR's statement that it would be considering further information. Columbus Pike did not object to the BOR's decision to further review information outside of what was presented at the evidentiary hearing. We therefore find Columbus Pike waived any objection to the BOR's use of the Schuh Recommendation.

{¶26} Columbus Pike next argues the trial court was not permitted to consider the Schuh Recommendation because it was not presented as evidence at the BOR evidentiary hearing. The trial court concluded in its February 22, 2016 judgment entry that it could consider the Schuh Recommendation pursuant to R.C. 5717.05. The statute reads, "[t]he court may hear the appeal on the record and the evidence thus submitted, or it may hear and consider additional evidence." R.C. 5717.05.

{¶27} It is within the trial court's discretion to examine additional evidence. *Black v. Bd. of Revision of Cuyahoga Cty.*, 16 Ohio St.3d 11, 14, 475 N.E.2d 1264 (1985). The trial court's review of the evidence should be thorough and comprehensive, and should ensure that its final determination is more than a mere rubber stamping of the Board of

Revision's determination, but rather an independent investigation and complete reevaluation of a Board of Revision's value determination. *Black*, *supra*; *Salamon v. Ryland*, 5th Dist. Ashland No. 99-COA-01290, 2000 WL 1401, *2 (Dec. 21, 1999); *Tall Pines Holdings, Ltd. v. Testa*, 10th Dist. Franklin No. 04AP-372, 2005-Ohio-2963, ¶ 18.

{¶28} The trial court has the discretion to conduct an evidentiary hearing under R.C. 5717.05, but Columbus Pike did not request an evidentiary hearing. Neither Columbus Pike nor the BOE presented additional evidence to supplement that which was found in the statutory transcript. We find the trial court had the discretion to consider the statutory transcript and any additional evidence pursuant to R.C. 5717.05 in making its independent determination of valuation.

### *Evidence of Valuation*

{¶29} Columbus Pike next argues the trial court's valuation of $910,000 was an abuse of discretion. We disagree.

{¶30} Columbus Pike contends it presented competent and probative evidence of value by the owner's testimony as to the difficulties with selling the Property, the terminated sales contracts, and the pending purchase contract of $750,000. Columbus Pike argues that based on the evidence in the record, the value of the Property is $300,000. The trial court stated in its judgment entry that it considered the owner's testimony, but also considered the current listing price of the Property at $995,000 and the Schuh Recommendation of $910,000 in making its determination the value of the Property is $910,000.

{¶31} It is the burden of the taxpayer to establish the right to a reduction in value and the taxpayer is not entitled to the claimed reduction merely because no evidence is

presented contra to the taxpayer's claim. *Bd. of Edn. of the Dublin City Schools v. Franklin Cty. Bd. of Revision,* 139 Ohio St.3d 193 2013–Ohio–4543, 11 N.E.3d 206, ¶ 14, citing *Dayton–Montgomery Cty. Port Auth. v. Montgomery Cty. Bd. of Revision,* 113 Ohio St.3d 281, 865 N.E.2d 22, 2007–Ohio–1948, ¶ 15. When a party appeals a BOR decision, the appellant, whether a taxpayer or a board of education, bears the burden of proving its right to a reduction or increase in the BOR's determination of value. *CABOT III-OH1M02, L.L.C. v. Franklin Cty. Bd. of Revision*, 10th Dist. Franklin No. 13AP-232, 2013-Ohio-5301, 2013 WL 6271653, *5, ¶ 26 citing *Dayton-Montgomery Cty. Port. Auth.* at ¶ 15, 865 N.E.2d 22, citing *Columbus City School Dist. Bd. of Edn. v. Franklin Cty. Bd. of Revision,* 90 Ohio St.3d 564, 566, 740 N.E.2d 276 (2001). To prevail on appeal, the appellant must present competent and probative evidence supporting the value the appellant asserts. *Id.*

{¶32} Stephen D. Martin, part-owner of Columbus Pike, was the only witness to present testimony at the hearing before the BOR. In *Worthington City Schools Bd. of Ed. v. Franklin Cty. Bd. of Revision,* 140 Ohio St.3d 248, 2014–Ohio–3620, 17 N.E.3d 537, the Ohio Supreme Court held a qualified employee of the owner of real estate was competent to give opinion testimony regarding valuation of property. *Id.* at ¶ 29. The *Worthington* Court noted, "Ohio law has long recognized that an owner of either real or personal property is, by virtue of such ownership, competent to testify as to the market value of the property." *Id.* at ¶ 19. (Citation omitted). The Ohio Supreme Court did not, however, go further and find such value testimony was irrefutable. *Amerimar Canton Office, L.L.C. v. Stark Cty. Bd. of Revision*, 5th Dist. Stark No. 2014CA00162, 2015-Ohio-2290, ¶¶ 14-15.

{¶33} Columbus Pike presented evidence of terminated purchase contracts to demonstrate the value of the Property. "Unaccepted offers for purchase do not constitute a 'sale price' and do not establish a presumption of lesser value for the property." *Kaiser v. Franklin Cty. Aud.*, 10th Dist. Franklin No. 10AP-909, 2012-Ohio-820, ¶ 13 citing *Gupta v. Cuyahoga Cty. Bd. of Revision,* 79 Ohio St.3d 397, 683 N.E.2d 1076 (1997). The trial court and BOR may consider the listing price and offered price in assessing the value of the property, but they are not conclusive evidence of value. *Id.* Columbus Pike presented many factors for the BOR and the trial court to consider in order to determine value, among that the listing price. The trial court considered the statutory transcript, including the Schuh Recommendation, along with the listing price.

{¶34} "[T]he board of revision (or auditor) bears no burden to offer proof of the accuracy of the appraisal on which the county initially relies * * * [the board of tax appeals] is justified in retaining the county's valuation of the property when an appellant fails to sustain its burden of proof." *Colonial Village Ltd. v. Washington Cty. Bd. of Revision,* 123 Ohio St.3d 268, 915 N.E.2d 1196, 2009–Ohio–4975, ¶ 23. Accordingly, the taxpayer's failure to sustain a burden of persuasion will justify approving the BOR's valuation of the property even where no evidence is adduced in support of the validity of the auditor's valuation. *Kaiser v. Franklin Cty. Aud.*, 10th Dist. Franklin No. 10AP-909, 2012-Ohio-820, ¶ 20 citing *Simmons v. Cuyahoga Cty. Bd. of Revision,* 81 Ohio St.3d 47, 48, 689 N.E.2d 22 (1998).

{¶35} We find the trial court did not abuse its discretion in upholding the determination of the BOR and finding the value of the Property was $910,000.

{¶36} Columbus Pike's sole Assignment of Error is overruled.

## CONCLUSION

{¶37} The judgment of the Delaware County Court of Common Pleas is affirmed.

By:  Delaney, J.,

Farmer, P.J. and

Hoffman, J., concur.

*Hoffman, J., concurring*

**{¶38}** I concur in the majority's analysis and conclusion Columbus Pike waived any objection to the BOR's use of the Schuh Recommendation. I also concur in the majority's analysis and conclusion the trial court did not abuse its discretion in upholding the determination of the BOR and finding the value of the Property was $910,000.

**{¶39}** My only disagreement with the majority's analysis is its conclusion R.C. 5717.05 also permitted the trial court to use the Schuh Recommendation without giving Columbus Pike an opportunity to be heard on its use.

**{¶40}** I agree the trial court has authority to consider additional evidence under R.C. 5717.05. However, the statute doesn't merely say the court may consider such additional evidence; rather it says the court may **"hear and consider"** such additional evidence. I find use of the phrase "hear" implies a hearing with the opportunity to be heard.

**{¶41}** Despite my disagreement with the majority's application of R.C. 5717.05, I nevertheless concur in its decision to affirm the trial court because of its independent conclusion Columbus Pike waived its objection to use of the Schuh Recommendation. The Schuh Recommendation was part of the record transcript of the BOR on appeal to the trial court and, as such, was not "additional" evidence under R.C. 5717.05.