[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *Olentangy Local Schools Bd. of Edn. v. Delaware Cty. Bd. of Revision,* Slip Opinion No. 2017-Ohio-8347.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2017-OHIO-8347

OLENTANGY LOCAL SCHOOLS BOARD OF EDUCATION, APPELLEE, *v.* DELAWARE COUNTY BOARD OF REVISION ET AL., APPELLEES; 7991 COLUMBUS PIKE, L.L.C., APPELLANT.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *Olentangy Local Schools Bd. of Edn. v. Delaware Cty. Bd. of Revision,* Slip Opinion No. 2017-Ohio-8347.]**

*Taxation—Real-property valuation—Significant changes to property between tax-lien date and date of sale—Board of Tax Appeals' determination that sale was not "recent" sale under former R.C. 5713.03 was reasonable and lawful—Board of Tax Appeals erred in reinstating auditor's valuation—Decision vacated and cause remanded.*

(No. 2014-0826—Submitted June 6, 2017—Decided October 31, 2017.)

APPEAL from the Board of Tax Appeals, No. 2011-576.

_____

**Per Curiam.**

{¶ 1} This case involves the valuation of the real property retained by an owner after it sold a portion of its property during the tax year at issue. In April 2009, the owner of the original 16.3-acre parcel, appellant, 7991 Columbus Pike, L.L.C., conveyed a single condominium unit (composed of an office building and the immediately surrounding land) to the Board of County Commissioners of Delaware County for $2,000,000. For tax year 2009, the Delaware County auditor valued the conveyed parcel at $622,100 and the retained parcel at $1,677,900, for a total value of $2,300,000.

{¶ 2} Columbus Pike contends that the April 2009 sale price must be used in apportioning the $2,300,000 between the two parcels: It says that the conveyed parcel's 2009 value must be $2,000,000, leaving $300,000 as the value of its retained parcel. The Delaware County Board of Revision ("BOR") agreed, but the Board of Tax Appeals ("BTA") reversed the BOR and reinstated the auditor's valuation. Like the BTA, we reject Columbus Pike's argument because the sale was not "recent" to the tax-lien date under Ohio law.

{¶ 3} Nevertheless, we hold that the BTA improperly reinstated the auditor's valuation, because the auditor's valuation incorrectly apportioned 2.815 acres of condominium property to the retained parcel. We therefore vacate the BTA's decision and remand the cause for the BTA to properly determine the value of the subject property.

## Facts and Procedural History

*Rezoning, condominium creation, and sale*

{¶ 4} On January 1, 2009, the tax-lien date, Columbus Pike owned a 16.3-acre parcel, identified as parcel number 318-234-04-003-000. The property was improved with an approximately 50,000-square-foot office building, parking lots, driveways, and a garage. At that time, it was zoned Farm Residential 1, which meant that it could not be further developed commercially.

**{¶ 5}** In December 2008, less than two weeks before the tax-lien date, Columbus Pike agreed to sell part of the 16.3 acres to the county, for use by the Delaware County Board of Developmental Disabilities. The county agreed to purchase the office building and some of the land for $2,000,000, on the conditions that prior to the sale, the owner established the building as a condominium unit, which the seller later did, and that the entire 16.3-acre parcel be rezoned for commercial use, which it later was. The condominium property consists of 4.303 acres and includes the large office building, common elements, and limited common elements. The condominium unit itself, which is composed of the office building and the immediately surrounding land, is 1.488 acres. The limited common elements and common elements, together, make up the remaining 2.815-acre condominium property.

**{¶ 6}** The contingencies were satisfied in April 2009, and Columbus Pike conveyed the condominium unit to the county. The retained parcel was assigned the old parcel number, 318-234-04-003-000 ("retained parcel" or "subject property"), while the new condominium unit was identified as parcel number 318-234-04-003-500 ("conveyed parcel").

*Tax proceedings*

**{¶ 7}** The auditor valued the retained parcel at $1,677,900 and the conveyed parcel at $622,100, both as of January 1, 2009. The auditor arrived at those valuations after first determining that the value of the undivided parcel, as of January 1, 2009, was $2,300,000. No party challenges that aggregate valuation, which was determined in tax proceedings concerning tax year 2007.

**{¶ 8}** The auditor attributed $1,575,400 to the land, calculating a per-acre value of $96,656 ($1,575,400 ÷ 16.299 acres). He valued the building at $478,300 and other improvements (paving and a garage) at $246,300. He then apportioned value between the retained parcel and the conveyed parcel based on the conclusion that the conveyed parcel included the building and 1.487 acres (for a total rounded

value of $622,100) and that the retained parcel included the other improvements and 14.812 acres (for a total rounded value of $1,677,900).

{¶ 9} Columbus Pike filed a valuation complaint with the BOR concerning the retained parcel, arguing that the conveyed parcel's 2009 value must be $2,000,000 (the April 2009 sale price) and that the retained parcel's value therefore must be $300,000 (the difference after subtracting $2,000,000 from the auditor's total value of the undivided parcel). The Olentangy Local Schools Board of Education ("BOE") filed a countercomplaint seeking to retain the auditor's valuation of the retained parcel. The BOR agreed with Columbus Pike and valued the subject property at $300,000. It also determined that the acreage of the retained parcel was 11.997 acres.

{¶ 10} The BOE appealed to the BTA, which reversed and reinstated the auditor's valuation. The BTA concluded that there was "no evidence the subject property 'recently' transferred through a qualifying sale, nor did appellant provide a competent appraisal of the subject property, attested to by a qualified expert, for the tax lien date in issue." 2014 Ohio Tax LEXIS 2515 at *2. The BTA further stated: "[T]here exists insufficient evidence to support the BOR's reductions in value and, as a result, we must reinstate those values originally assessed by the auditor." *Id*. at *5. Columbus Pike appealed to this court.

**Analysis**

*Standard of review*

{¶ 11} We must affirm the BTA's decision if it was "reasonable and lawful." R.C. 5717.04. In making this determination, we must consider legal issues de novo, *Akron City School Dist. Bd. of Edn. v. Summit Cty. Bd. of Revision*, 139 Ohio St.3d 92, 2014-Ohio-1588, 9 N.E.3d 1004, ¶ 10-11, and defer to findings concerning the weight of evidence so long as they are supported by the record, *Olmsted Falls Bd. of Edn. v. Cuyahoga Cty. Bd. of Revision*, 122 Ohio St.3d 134, 2009-Ohio-2461, 909 N.E.2d 597, ¶ 27.

4

*Using the sale price to determine value*

**{¶ 12}** Columbus Pike argues that this case involves a recent arm's-length sale and that the subject property must be valued consistent with the price of that sale under former R.C. 5713.03, Am.Sub.H.B. No. 260, 140 Ohio Laws, Part II, 2665, 2722. *See Terraza 8, L.L.C. v. Franklin Cty. Bd. of Revision*, ___ Ohio St.3d ___, 2017-Ohio-4415, ___ N.E.3d ___, ¶ 10-24 (explaining the applicability of former R.C. 5713.03). This case, however, does not present a straightforward application of the former statute: here, the transaction involves the sale of part of a parcel (the conveyed parcel) and the valuation is of the remaining, unsold property (the retained parcel).

**{¶ 13}** Columbus Pike's first three propositions of law assert that former R.C. 5713.03 applies under these circumstances to require the value of the conveyed parcel to be set at $2,000,000 as of the January 1, 2009 tax-lien date. Whether or not, as a general matter, a partial sale qualifies as a sale for purposes of former R.C. 5713.03 to require property to be valued in the manner Columbus Pike suggests, for the partial sale to qualify, it would have to have been "recent" to the tax-lien date. *See Cummins Property Servs., L.L.C. v. Franklin Cty. Bd. of Revision*, 117 Ohio St.3d 516, 2008-Ohio-1473, 885 N.E.2d 222, ¶ 13. We hold that the BTA reasonably and lawfully disregarded the April 2009 sale in apportioning value, because unrebutted evidence shows that the property underwent significant changes between the tax-lien date and the date of the sale, thus preventing it from being a "recent" sale.

**{¶ 14}** A sale that occurs within four months after the tax-lien date (like the sale here) ordinarily is considered to have occurred "within a reasonable length of time" of the tax-lien date under former R.C. 5713.03. *See Akron City School Dist.,* 139 Ohio St.3d 92, 2014-Ohio-1588, 9 N.E.3d 1004, at ¶ 26. But temporal proximity "is not the sole factor affecting recency." *Worthington City Schools Bd. of Edn. v. Franklin Cty. Bd. of Revision*, 124 Ohio St.3d 27, 2009-Ohio-5932, 918

N.E.2d 972, ¶ 32. "[R]ecency 'encompasses all factors that would, by changing with the passage of time, affect the value of the property.' " *Id*., quoting *Cummins* at ¶ 35.

{¶ **15**} The record shows that significant factors affected the value of the undivided parcel: the parties' agreement was contingent on rezoning and the creation of a condominium, both material changes to be made after the tax-lien date and before the sale. Columbus Pike's sole witness at the BOR hearing, Stephen D. Martin, testified that there were "two big changes in that period of time between January 1 and the sale date. You had a rezoning and you had the creation of a condominium." Continuing, Martin said:

What we're talking about is 2009 January 1 what was the condition of that property. The condition of that property is it was zoned Farm Residential 1 ["FR1"]. You could build nothing on it and it wasn't condoed. Okay. Subsequent to January 1 it was rezoned and it was condoed. Its value today because of those events is more than 300. And I'm not arguing that it's only 300 today, 2010. What I'm arguing is, you've got to look at the tax lien date of January 1, 2009, and you had a building and you had raw land that you couldn't do anything with because you're FR1 zoning.

{¶ **16**} Martin provided similar testimony at the BTA hearing:

The contract, as you will see, required us to rezone the property and condominium it and convey a condominium. The zoning became final and nonappealable on or about the 15th of April, 2009, after the tax lien date. * * *

* * *  So basically on [the] tax lien date you had unzoned property and no condominium.

In April we created a condominium.  We had completed the zoning of the property, substantially changing it from the tax lien date * * *.  * * *

* * *

* * *  This parcel is a different parcel than it was on January 1.  On January 1, 2009 it was not [a] condominium.  It was a building of 16 acres and the Auditor had it valued at 2,300,000.

**{¶ 17}** There is, therefore, sufficient and unrebutted evidence from Columbus Pike's own witness showing that the undivided parcel—which is the subject of the January 1, 2009 valuation—experienced significant changes after the tax-lien date and before the sale.  It is clear that the parties themselves regarded these changes as material to the sale because they made the sale contingent on the changes occurring.  Under these circumstances, we defer to the BTA's finding that "there exists no evidence the subject property 'recently' transferred through a qualifying sale," 2014 Ohio Tax LEXIS 2515 at *2.  We hold, therefore, that the April 2009 sale cannot be used to determine the tax-year-2009 value, because it was not recent to the tax-lien date under Ohio law.

**{¶ 18}** Because the BTA's finding that the sale was not recent to the tax-lien date was reasonable and lawful, we need not consider the arguments raised in Columbus Pike's first three propositions of law.

*Reinstating the auditor's valuation*

**{¶ 19}** Although we agree with the BTA's finding that the April 2009 sale cannot be used to determine the tax-year-2009 value of the retained parcel, we vacate the BTA's decision reinstating the auditor's valuation.  In reinstating the original valuation, the BTA adopted the auditor's allocation of 14.812 acres to the

retained parcel and 1.487 acres to the conveyed parcel. Columbus Pike correctly points out that this allocation was wrong.

{¶ 20} In establishing the condominium, Columbus Pike partitioned 4.303 acres as "condominium property," which consisted of a single unit (1.488 acres), common elements (1.101 acres), and limited common elements (1.714 acres). Under R.C. 5311.04(A), ownership of the common elements and limited common elements accrues to "the unit owners as tenants in common." Because only one condominium unit exists here, the county became the sole owner of that property, which constitutes 2.815 acres. Following the sale, this left Columbus Pike with an 11.997-acre parcel.

{¶ 21} The BOE disagrees, arguing that Columbus Pike owns the 2.815 acres until it conveys that property to a condominium-unit-owners association. This argument fails because statutory law unambiguously provides that the county, as the sole unit owner, acquired an undivided interest in the common elements by operation of R.C. 5311.04(A). *See also* R.C. 5311.01(K) (defining "condominium" as "a form of real property ownership * * * under which each owner has an individual ownership interest in a unit with the right to exclusive possession of that unit and an undivided ownership interest with the other unit owners in the common elements of the condominium property"); 5311.01(N) (defining "condominium ownership interest" as "a fee simple estate * * * in a unit, together with an appurtenant undivided interest in the common elements"); 5311.11 ("Each unit of a condominium property and the undivided interest in the common elements appurtenant to it is deemed a separate parcel for all purposes of taxation and assessment of real property, and no other unit or other part of the condominium property shall be charged with the payment of those taxes and assessments"). Contrary to what the BOE argues, a unit-owners association exists for the administration—not the ownership—of condominium property. *See* R.C. 5311.08(A)(1).

**{¶ 22}** In allocating value between the parcels, the auditor determined that the land had a value of $96,656 per acre and attributed 14.812 acres to the retained parcel and 1.487 acres to the conveyed parcel. The auditor also concluded that the conveyed parcel included the building (valued at $478,300) and that the retained parcel included all other improvements (valued at $246,300). Because Columbus Pike conveyed 4.303 acres of the original 16.3-acre parcel, it retained only 11.997 acres—2.815 fewer acres than what the auditor found. This caused the auditor (and, by extension, the BTA) to overvalue the retained parcel by at least $272,086.64. In addition, because other improvements may exist on those 2.815 acres, the auditor may have improperly attributed some of that value to Columbus Pike.

**{¶ 23}** We remand for the BTA to independently determine the value of the retained parcel based on its correct acreage and the value of any improvements situated on that parcel. *See Copley-Fairlawn City School Dist. Bd. of Edn. v. Summit Cty. Bd. of Revision*, 147 Ohio St.3d 503, 2016-Ohio-1485, 68 N.E.3d 723, ¶ 18, 29, 31 (requiring the BTA to independently determine value on remand when evidence negated the auditor's valuation). As in *Copley-Fairlawn*, "on remand, the BTA may in the exercise of its discretionary authority hear additional evidence in order to arrive at a proper valuation of the property" for tax year 2009. *Id*. at ¶ 31.

**{¶ 24}** Columbus Pike also invokes the *Bedford* rule, arguing that the BOE failed to present sufficient evidence justifying reinstatement of the auditor's valuation. *See Bedford Bd. of Edn. v. Cuyahoga Cty. Bd. of Revision*, 115 Ohio St.3d 449, 2007-Ohio-5237, 875 N.E.2d 913. Because Columbus Pike has shown that the auditor's valuation was flawed and that the property's value must be redetermined, this proposition of law is moot.

### Conclusion

**{¶ 25}** We vacate the BTA's decision and remand the cause for the BTA to determine the value of the subject property based on the acreage and improvements properly attributable to that parcel.

Decision vacated

and cause remanded.

O'CONNOR, C.J., and O'DONNELL, FRENCH, O'NEILL, FISCHER, and DEWINE, JJ., concur.

KENNEDY, J., concurs in judgment only.

_____

Rich & Gillis Law Group, L.L.C., Mark H. Gillis, and Kelley A. Gorry, for appellee Olentangy Local Schools Board of Education.

Manos, Martin & Pergram Co., L.P.A., and Stephen D. Martin, for appellant.

_____