[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *Olentangy Local Schools Bd. of Edn. v. Delaware Cty. Bd. of Edn.,* Slip Opinion No. 2017-Ohio-8843.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2017-OHIO-8843

OLENTANGY LOCAL SCHOOLS BOARD OF EDUCATION, APPELLEE, *v.* DELAWARE COUNTY BOARD OF REVISION ET AL., APPELLEES; 7991 COLUMBUS PIKE, L.L.C., APPELLANT.

[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *Olentangy Local Schools Bd. of Edn. v. Delaware Cty. Bd. of Edn.,* Slip Opinion No. 2017-Ohio-8843.]

*Taxation—Real-property valuation—Board of Tax Appeals acted reasonably and lawfully in reversing the valuation of the board of revision—Bedford rule did not prevent reinstatement of the auditor's valuation—Decision affirmed.*

(No. 2014-1647—Submitted June 6, 2017—Decided December 7, 2017.)

APPEAL from the Board of Tax Appeals, No. 2012-4855.

_____

**Per Curiam.**

{¶ 1} This real-property-valuation case involves the same property at issue in *Olentangy Local Schools Bd. of Edn. v. Delaware Cty. Bd. of Revision*, ___ Ohio

St.3d \_\_\_, 2017-Ohio-8347, \_\_\_ N.E.3d \_\_\_ ("*Olentangy Local Schools I*"). This case involves the Delaware County auditor's tax-year-2011 valuation of the subject property at $1,550,000. The owner, appellant, 7991 Columbus Pike, L.L.C., filed a valuation complaint, and the Delaware County Board of Revision ("BOR") reduced the value to $300,000. The Olentangy Local Schools Board of Education ("BOE") appealed to the Board of Tax Appeals ("BTA"), which reversed the BOR's decision and reinstated the auditor's value. The primary issue here is whether the BTA violated the rule stated in *Bedford Bd. of Edn. v. Cuyahoga Cty. Bd. of Revision*, 115 Ohio St.3d 449, 2007-Ohio-5237, 875 N.E.2d 913, by reinstating the auditor's valuation. Because the *Bedford* rule did not prevent reinstatement of the auditor's valuation in this case, we affirm.

**Facts and Procedural History**

{¶ 2} We provide a detailed description of the subject property in *Olentangy Local Schools I*. In short, the property consists of the land and improvements retained by Columbus Pike after it sold a condominium unit to Delaware County in April 2009. In *Olentangy Local Schools I*, we concluded that 11.997 acres were attributable to the subject property for tax year 2009. \_\_\_ Ohio St.3d \_\_\_, 2017-Ohio-8347, \_\_\_ N.E.3d \_\_\_, at ¶ 22. In this case, pertaining to tax year 2011, Columbus Pike argues that additional conveyances of condominium common elements reduced the subject property to 10.454 acres. The parties do not suggest that the property underwent any other material changes since 2009.

{¶ 3} After the auditor valued the subject property at $1,550,000 for tax year 2011, Columbus Pike filed a valuation complaint with the BOR, arguing that the value should be reduced to $300,000 "[t]o be consistent with" the BOR's tax year 2009 decision "and with market value." The BOE filed a countercomplaint seeking to retain the auditor's valuation.

{¶ 4} At the BOR hearing, Columbus Pike introduced several exhibits and the testimony of two of its owners, Stephen D. Martin and Richard S. Langdale.

Martin first testified that the auditor overvalued the subject property by attributing 11.997 acres to Columbus Pike. He said that Columbus Pike owned only 10.454 acres. In an effort to prove this, Martin provided data sheets from the auditor's website that listed Columbus Pike as the owner of several parcels of common elements. The data sheets state that the common-element parcels were transferred on January 4, 2012.

{¶ 5} Martin also provided evidence of the BOR's tax-year-2009 decision that valued the subject property at $300,000. He testified that a five-fold increase in value from 2009 to 2011 was not justified, because "the office market has not gone up." He explained that Columbus Pike was seeking a reduction to the BOR's prior $300,000 valuation because "that's the appropriate value" and would be consistent with how the auditor had valued other property under similar circumstances. To further support his view that the auditor's valuation was too high, Martin introduced data related to the sales of four other properties in the area. According to his calculations, if the per-acre price from those sales were applied to the subject property, its value would be between $470,294 and $1,114,177.

{¶ 6} Langdale testified that Columbus Pike had marketed the property for the past four or five years and had offered to sell the property to nine different developers for the balance remaining on Columbus Pike's bank mortgage (about $700,000). According to Langdale, those developers all rejected Columbus Pike's offers. Langdale did not give an opinion of the property's value.

{¶ 7} The BOR valued the subject property at $300,000, and the BOE appealed to the BTA. The parties presented no additional evidence to the BTA. After reviewing the evidence presented to the BOR, the BTA reversed and reinstated the auditor's valuation. The BTA found that "the record does not support the BOR's decision to reduce the subject property's value." BTA No. 2012-4855, 2014 Ohio Tax LEXIS 4070, at *5 (Aug. 29, 2014). *Id.* It rejected the BOR's valuation because Columbus Pike had "relied upon a prior BOR decision to reduce

the subject property's value to $300,000 for tax year 2009, the second year in the prior interim period, unadjusted sale data, and its unsuccessful attempts to sell the subject property." *Id*. at *2-3. Columbus Pike appealed to this court.

**Analysis**

{¶ 8} The BTA found that the BOR's valuation of the subject property at $300,000 was not supported by the record and reinstated the auditor's original valuation. If its decision was "reasonable and lawful," we must affirm it. R.C. 5717.04. In deciding whether the BTA acted reasonably and lawfully, we must defer to the BTA's findings concerning the weight of evidence, so long as they are supported by the record. *Olmsted Falls Bd. of Edn. v. Cuyahoga Cty. Bd. of Revision*, 122 Ohio St.3d 134, 2009-Ohio-2461, 909 N.E.2d 597, ¶ 27. Questions of law, however, must be reviewed de novo. *Akron City School Dist. Bd. of Edn. v. Summit Cty. Bd. of Revision*, 139 Ohio St.3d 92, 2014-Ohio-1588, 9 N.E.3d 1004, ¶ 10-11.

*Rejection of the BOR's valuation*

{¶ 9} The BOE had the burden of proof as appellant before the BTA, *Columbus City School Dist. Bd. of Edn. v. Franklin Cty. Bd. of Revision*, 90 Ohio St.3d 564, 566, 740 N.E.2d 276 (2001), and sought to meet its burden by attacking the competence and probative value of the evidence Columbus Pike had presented to the BOR. The BOE thus argued that Columbus Pike, as the party seeking to decrease the auditor's valuation, did not meet its burden to prove a lower value to the BOR. *See Snavely v. Erie Cty. Bd. of Revision*, 78 Ohio St.3d 500, 503, 678 N.E.2d 1373 (1997). Indeed, if Columbus Pike had failed to meet its burden with competent and probative evidence at the BOR, the BTA was required to reverse the BOR's reduction in value. *See Columbus City School Dist.* at 566-567. In assessing Columbus Pike's evidence, the BTA could not defer to the BOR's factual findings; it had to " 'independently weigh and evaluate all evidence properly before it.' " *Columbus Bd. of Edn. v. Franklin Cty. Bd. of Revision*, 76 Ohio St.3d 13, 15, 665

4

N.E.2d 1098 (1996), quoting *Black v. Cuyahoga Cty. Bd. of Revision,* 16 Ohio St.3d 11, 13, 475 N.E.2d 1264 (1985).

{¶ 10} Columbus Pike argues that it proved a lower value with evidence that it owned only 10.454 acres and through the testimony and related evidence of its owners, Martin and Langdale. Columbus Pike has not shown that the BTA unreasonably or unlawfully weighed and evaluated this evidence.

Acreage

{¶ 11} In its third proposition of law, Columbus Pike argues that the BTA's decision was unreasonable and unlawful because it attributed 11.997 acres instead of 10.454 acres to the subject property. Columbus Pike contends that the lower number should have been used because it had conveyed an additional 1.543 acres as condominium common elements between tax years 2009 and 2011.

{¶ 12} As discussed in *Olentangy Local Schools I*, the county, as the sole condominium-unit owner, is the owner of the condominium property's common elements by operation of R.C. 5311.04(A). *Olentangy Local Schools I*, ___ Ohio St.3d ___, 2017-Ohio-8347, ___ N.E.3d ___, at ¶ 21. But here, Columbus Pike did not present evidence proving that it conveyed additional acreage as common elements before the relevant tax-lien date.

{¶ 13} Although Martin testified that the subject property is 10.454 acres, no documents in evidence showed that Columbus Pike had conveyed 1.543 acres of its 11.997 acres as common elements as of January 1, 2011. Indeed, the limited documentation of acreage transfers shows that they occurred in 2012, well after the tax-lien date. And although there is a property-record card for the subject property showing that the parcel is 10.454 acres, it is dated March 2012. Therefore, Columbus Pike has not shown that the BTA improperly attributed 1.543 acres to the subject property for tax year 2011.

Owner's testimony and evidence

{¶ 14} The BTA found that the record did not support the BOR's reduction in value because Columbus Pike's evidence consisted of only the BOR's prior 2009 value reduction, unadjusted sales comparisons, and unsuccessful attempts to sell the property. This assessment of Columbus Pike's evidence was reasonable and lawful.

{¶ 15} Columbus Pike sought to reduce the tax-year-2011 valuation of the property to $300,000 based on the BOR's decision for tax year 2009. The BTA correctly disregarded that earlier valuation because it was not competent evidence of the property's value. *See Olmsted Falls*, 122 Ohio St.3d 134, 2009-Ohio-2461, 909 N.E.2d 597, at ¶ 20-21. Indeed, except when the carryover provision of R.C. 5715.19(D) applies, it is legal error to assign value in a later tax year merely because that value was assigned in an earlier year, *id*.; *see also Fogg-Akron Assoc., L.P. v. Summit Cty. Bd. of Revision*, 124 Ohio St.3d 112, 2009-Ohio-6412, 919 N.E.2d 730, ¶ 15.

{¶ 16} Columbus Pike also tried to undermine the auditor's valuation by submitting data related to sales of four other properties in Delaware County. According to Martin's calculations, these sales suggested a value of the subject property between $470,294 and $1,114,177. It was reasonable for the BTA to conclude that this evidence was not competent appraisal evidence, because it was submitted through Martin, who did not purport to be a qualified expert appraiser. *See Worthington City Schools Bd. of Edn. v. Franklin Cty. Bd. of Revision*, 140 Ohio St.3d 248, 2014-Ohio-3620, 17 N.E.3d 537, ¶ 19 (stating that a nonexpert owner usually "may not testify about comparable properties, because that testimony would be hearsay").

{¶ 17} In its fourth proposition of law, Columbus Pike argues that the BTA should have considered its unsuccessful marketing efforts as probative evidence that the property is worth less than $1,550,000. This argument fails under our

decision in *Gupta v. Cuyahoga Cty. Bd. of Revision*, 79 Ohio St.3d 397, 683 N.E.2d 1076 (1997), in which the property owner made the similar argument that "the BTA erred in giving no consideration to" failed purchase offers. *Id*. at 399. In *Gupta*, we concluded that "[t]he BTA was not required to assign any weight" to testimony about unaccepted offers. *Id*. at 400. Columbus Pike has not shown that the BTA acted unreasonably or unlawfully in according no weight to the unsuccessful attempts to sell the property here.

{¶ 18} Finally, Columbus Pike argues that the BTA improperly disregarded the evidence presented through Martin and Langdale, claiming that it constituted permissible owner's opinion of market value. Under the owner-opinion rule, an owner of real property is competent to testify about the market value of the property, even if he or she is not qualified as an expert. *See Smith v. Padgett*, 32 Ohio St.3d 344, 347, 513 N.E.2d 737 (1987).

{¶ 19} We hold that the owner-opinion rule does not apply to the evidence here, because neither Martin nor Langdale offered an opinion of the property's market value. Langdale admitted that he could not offer an opinion of value. And although Martin advocated for a valuation of $300,000, saying, "[T]hat's the appropriate value," he did not expressly state a personal opinion of value and spoke only generally about his perceptions of prevailing office-market conditions. The BTA reasonably construed his testimony as a request to reduce the valuation based on the BOR's earlier reduction for tax year 2009, which was an invitation to legal error, not an owner's opinion of value.

{¶ 20} The BTA reasonably and lawfully found that the BOR's valuation of the subject property at $300,000 was not supported by the evidence. The BTA, therefore, was required to reverse the BOR's valuation. *See Columbus City School Dist.*, 90 Ohio St.3d at 566-567, 740 N.E.2d 276. The next question is whether the BTA properly reinstated the auditor's valuation.

*Reinstatement of the auditor's valuation*

**{¶ 21}** In its first and second propositions of law, Columbus Pike argues that the auditor's valuation could not be reinstated, because the BOE presented no evidence to support it. In short, Columbus Pike contends that the BTA violated the *Bedford* rule.

**{¶ 22}** The *Bedford* rule provides that the BTA generally may not rely on the auditor's original valuation as a default valuation when the board of revision has reduced the property's value based on the owner's evidence. *Dublin City Schools Bd. of Edn. v. Franklin Cty. Bd. of Revision*, 147 Ohio St.3d 38, 2016-Ohio-3025, 59 N.E.3d 1270, ¶ 6, explaining *Bedford*, 115 Ohio St.3d 449, 2007-Ohio-5237, 875 N.E.2d 913. When it applies, the rule requires a board of education to go forward with evidence on appeal to the BTA. *Id.*, citing *Worthington City Schools*, 140 Ohio St.3d 248, 2014-Ohio-3620, 17 N.E.3d 537, at ¶ 41, citing *Dublin City Schools Bd. of Edn. v. Franklin Cty. Bd. of Revision*, 139 Ohio St.3d 193, 2013-Ohio-4543, 11 N.E.3d 206, ¶ 16.

**{¶ 23}** As we recently explained in *Dublin City Schools*, 147 Ohio St.3d 38, 2016-Ohio-3025, 59 N.E.3d 1270, the *Bedford* rule applies only when "the evidence of value that the owner presented to the board of revision was competent and at least minimally plausible." *Id.* at ¶ 7. *See also Columbus City Schools Bd. of Edn. v. Franklin Cty. Bd. of Revision*, 144 Ohio St.3d 324, 2015-Ohio-3633, 43 N.E.3d 387, ¶ 44 ("The BTA can override the *Bedford* rule and reinstate the auditor's valuation when the BOR's decision to reject the auditor's valuation is completely unsupported in the record"); *Worthington City Schools* at ¶ 38 ("the *Bedford* rule addresses circumstances in which the board of revision relies on specific and plausible evidence to reach a valuation different from that originally found by the auditor"); *Bedford* at ¶ 15 ( "the BTA erred in reinstating the auditor's determination of value when the taxpayer had presented sufficient evidence to the [board of revision] to justify the reduction the [board of revision] ordered").

Moreover, the rule does not apply when the board of revision committed legal error. *Columbus City Schools Bd. of Edn. v. Franklin Cty. Bd. of Revision*, 148 Ohio St.3d 700, 2016-Ohio-8375, 72 N.E.3d 637, ¶ 16-17.

{¶ 24} The *Bedford* rule did not prevent the BTA from reinstating the auditor's valuation here or require the BOE to affirmatively prove value, because, as discussed, Columbus Pike did not present competent and minimally plausible evidence negating the auditor's valuation, and it improperly relied on a prior year's valuation. We therefore reject Columbus Pike's first and second propositions of law.

Decision affirmed.

O'CONNOR, C.J., and O'DONNELL, KENNEDY, FRENCH, O'NEILL, FISCHER, and DEWINE, JJ., concur.

_____

Rich & Gillis Law Group, L.L.C., Mark H. Gillis, and Kelley A. Gorry, for appellee Olentangy Local Schools Board of Education.

Manos, Martin & Pergram Co., L.P.A., and Stephen D. Martin, for appellant.

_____